Filed 7/29/15  Barnes v. Cedars-Sinai Medical Center, Inc. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PAULA BARNES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CEDARS-SINAI MEDICAL CENTER, INC.,<br><br>    Defendant and Appellant. | B255034<br><br>(Los Angeles County<br>Super. Ct. No. BC481250) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa Sanchez-Gordon, Judge.  Affirmed.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, Daniel J. McQueen and Cassidy M. English for Defendant and Appellant.

Eisenberg & Associates, Michael B. Eisenberg and Tuvia Korobkin for Plaintiff and Respondent.

———————————

Cedars-Sinai Medical Center (Cedars) appeals from a judgment awarding attorney fees to Paula Barnes. We affirm.

## BACKGROUND

On March 21, 2012, Barnes filed a complaint against Cedars. Barnes's first amended complaint alleged causes of action for failure to pay wages, failure to pay overtime compensation, failure to provide meal periods, failure to provide rest periods, failure to maintain records, violation of Business and Professions Code section 17200, failure to produce payroll records for inspection upon demand, and failure to produce her personnel file for inspection on demand. The complaint alleged that Barnes worked for Cedars from 1997 until Cedars terminated her on December 20, 2011. Cedars had failed to pay wages due to Barnes after her discharge, in violation of Labor Code sections 201 and 202, "by failing to pay all overtime and/or all hours worked and/or all meal period and/or rest period compensation due." Cedars had failed to timely pay Barnes, a nonexempt employee, for overtime and double-time. Although Cedars was required to provide a 30-minute meal period for each 10-hour period of work, Cedars failed to do so and required Barnes to work during mandated meal periods in violation of Labor Code section 226.7, subdivision (a), and as a result Cedars was required to pay Barnes an additional hour of pay for each work day with missed meal periods. Cedars was also required to provide Barnes with a 10-minute minimum rest period for each four hours worked but failed to provide those rest periods, and so was required to pay Barnes one additional hour of pay for each work day with missed rest periods. Cedars also failed to maintain records of overtime and rest and meal periods. These Labor Code violations were unfair business practices. Cedars also failed to produce Barnes's payroll records and personnel file when she demanded them. Barnes requested compensatory and special damages, unpaid wages, restitution, and penalties. She requested attorney fees under Labor Code sections 218.5 and 1194 on her causes of action for failure to pay wages and failure to pay overtime compensation; "under all applicable laws and/or statutes" on her causes of action for failure to provide meal and rest periods and failure to maintain

records; and under applicable statutes on the causes of action for failure to produce her payroll records and personnel file.

Cedars answered the first amended complaint on June 14, 2012, with a general denial and 25 affirmative defenses, requesting attorney fees under Labor Code section 218.5 "and any other applicable law."

After discovery by both sides, on April 12, 2013, Cedars filed a motion for summary judgment. Barnes worked as a nuclear medicine technologist with a schedule of three or four 12-hour shifts per week, from 6:00 p.m. to 6:30 a.m. She resigned around a month after she was found sleeping at work while she was on the clock and on duty. Cedars' meal and rest periods complied with the Labor Code, and Barnes had waived one of her meal periods; she was expected to work 12 hours and take a 30 minute, off-the-clock meal period during her 12.5-hour shift. If an employee was unable to take a meal or rest period, Cedars instructed them to fill out a form, and the employee would be paid a premium of one hour's pay at their regular rate. Cedars also paid overtime as required by law. Barnes admitted she knew about the meal and rest period policies, and had completed some forms and had been paid some meal and rest period premiums. Cedars argued that Barnes had been provided meal periods, and voluntarily waived one of the two she was entitled to; Barnes could not claim missed meal and rest periods if she did not request them; and Cedars properly paid Barnes overtime compensation. Barnes's testimony at her deposition that she had done off-the-clock work for which she was not paid overtime compensation was without merit. Her claim for failure to maintain records was without merit as it was entirely derivative of her meritless meal period, rest period, and overtime claims. Cedars argued that Barnes's other claims were also entirely derivative and defective.

In opposition, Barnes argued that there were facts showing that her duties during her shift frequently prevented her from taking meal and rest periods, but her supervisor dismissed her complaints, and when she did file the required forms she often was not compensated. She repeated that she was instructed to work additional hours after she clocked out for which she was not compensated.

3

After hearing, a notice of ruling was filed on June 27, 2013 which reflects that the trial court denied the entirety of the summary judgment motion. Less than a month later, Cedars made an offer to compromise under Code of Civil Procedure section 998 (section 998 offer), stating that Cedars would pay "$25,000 . . . and statutory costs, including reasonable attorneys' fees incurred to the date of this offer, July 19, 2013, and for no time thereafter, which costs and fees shall be in an amount determined by the court, according to proof" in exchange for Barnes's filing of a dismissal with prejudice and releasing her claims against Cedars. (Boldface and underscore omitted.) Barnes accepted the section 998 offer.

In a motion dated September 16, 2013, Barnes requested attorney fees of $65,465 with a multiplier of 1.5, for a total of $98,197, pursuant to Labor Code sections 218.5 and 1194. Barnes noted that the section 998 offer "[c]learly and [u]nambiguously [p]rovides for [a]ttorney [f]ees," which was an independent basis for awarding reasonable fees. Barnes acknowledged that meal and rest period claims do not carry an attorney fees provision, citing *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244 (*Kirby*). However, the meal and rest period claims were "'inextricably intertwined'" with the overtime and records claims, which were "almost entirely based on the same set of facts." Most of Barnes's overtime claim "stems from her wages being docked for meal periods that were not provided," and it was impossible to separate the time billed into compensable and noncompensable hours: "all of the time expended by Plaintiff's counsel was spent with an eye toward proving *all* of Plaintiff's wage and hour claims, not simply her overtime claim or her meal or rest period claims." Barnes also pointed out that under the terms of the section 998 offer, counsel would not be compensated for the work after acceptance of the offer, including the preparation of the motion for attorney fees.

In opposition, Cedars argued that Barnes's lawsuit "focused *exclusively* on her claim that she was not provided meal and rest periods on some of her shifts," and therefore under *Kirby*, *supra*, 53 Cal.4th 1244 fees may not be recovered. Cedars contended that the section 998 offer "specified that the Court would determine if any

4

attorneys' fees are warranted." Cedars argued that the overtime, records, and wage claims were derivative of and "cannot be separated from her meal and rest period claims," so no fees were available for those claims. Cedars also stated, however, that the court could separate the attorney's bills "into compensable and noncompensable units," and also argued that Barnes's limited recovery of $25,000 justified denying her any fees at all. Cedars requested that the court deny the motion entirely or substantially reduce the amount of fees.

In reply, Barnes reiterated that the section 998 agreement provided for an award of attorney fees, and she had accepted the section 998 offer in part because she would be entitled to fees, with the court determining the reasonable amount. *Kirby*, *supra*, Cal.4th 1244 did not require the denial of attorney fees for claims 'intertwined" with meal or rest period claims, as the case dealt with a stand-alone claim under Labor Code section 226.7. Barnes argued that had she not alleged a meal period claim, she would still have had to prove that Cedars had not provided her legally sufficient meal periods in order to prove up her claim for unpaid overtime wages, and so her counsel would have devoted the same amount of time to meal and rest period violations even without a corresponding cause of action.

At a hearing on January 30, 2014, the trial court awarded Barnes $65,465 in fees, declining to exercise its discretion to allow a multiplier. Labor Code section 218.5 mandated an award of reasonable fees in a successful action for nonpayment of wages, if requested at the initiation of the action; Labor Code section 1194 provided for the recovery of reasonable fees in a successful action for unpaid overtime; and Labor Code section 226, subdivision (e) did the same for a successful action to maintain records. Barnes was the prevailing party, with a net recovery under the section 998 offer. The court acknowledged that Cedars "contends that from the outset of the litigation the gravamen of plaintiff's lawsuit has been her allegation that she was not able to take meal or rest periods due to her workload . . . [¶] and . . . that her discovery focused heavily on her meal and rest period claims. However, this evidence just helps show that the meal and rest period claims were inextricably intertwined with plaintiff's wage and hour

5

claims." Although "when a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, attorney fees are only recoverable on the statutory cause of action . . . apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and non-compensable units." The court recognized its discretion to apportion fees, but concluded that Barnes had to prove her meal and rest period claims to support the bulk of her overtime and record claims, and no authority prohibited fees for "claims that are derivative of meal and rest period claims." In any event, "defendants specifically contracted for attorney fees as part of its settlement offer," which provided that the court would determine a reasonable amount, not whether any fees should be awarded at all. The court concluded that Barnes was entitled to fees for all the work done by her counsel. "To deny attorney fees in litigating the action would appear to be against the clear intent of the contract." Exercising its discretion to determine reasonable fees, the court awarded the base amount of $65,465, a reasonable amount "given that this case has been litigated for over a year." The court declined to adjust the amount with a multiplier, discussing the factors involved and concluding "the claims do not appear to be so difficult and novel that a multiplier of 1.5 is required."

Cedars asked to be heard, and the court directed Cedars to "focus on the language of your settlement . . . . [¶] . . . [¶] . . . Statutory costs, comma, including reasonable attorney fees, comma." Cedars argued that its agreement to pay "statutory costs, . . . include[ing] reasonable attorney's fees," meant Cedars would pay no attorney fees unless they were awardable under a statute. Awarding Barnes fees for "derivative claims" would allow "the tail to wag the dog," which would go against *Kirby*, *supra*, 53 Cal.4th 1244. When Cedars made the section 998 offer, Barnes "knew that *Kirby* was out there and, therefore, statutory costs/statutory fees could not be awarded for a meal and rest period case," and Barnes would have taken that into consideration when deciding whether to accept the offer. As a "last-ditch" argument, the court should apportion the fees between different claims, using its discretion.

6

Barnes rejoined that the language of the section 998 offer "clearly says we get . . . statutory attorney's fees." *Kirby*, *supra*, 53 Cal.4th 1244 involved a single claim for meal and rest breaks. In contrast, Barnes was asserting an overtime claim and unpaid wages claim because Cedars deducted 45 minutes from her workday every day, "they took this money out even though she was working the time" and "we were looking to get that money back for all those days she worked." Cedars challenged this argument, and the court asked Barnes's counsel: "This is a meal period and rest break case, isn't it?," and counsel replied: "This is a case for wages that were unpaid when she was forced to clock out even though she was still staying on the [job]. It is the unpaid wages for that time, that's what this case is about," and the claims were intertwined.

A judgment filed April 1, 2014 entered judgment in Barnes's favor and ordered that Barnes recover $25,000 pursuant to the section 998 offer, $2,987 in costs, and $65,465 in attorney fees. Cedars appealed from the award of fees.

## DISCUSSION

"A trial court's exercise of discretion concerning an award of attorney fees will not be reversed unless there is a manifest abuse of discretion. [Citation.] '"The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong[']—meaning that it abused its discretion. [Citations.]"' [Citations.] Accordingly, there is no question our review must be highly deferential to the views of the trial court. [Citation.]" (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.) "Where fees are authorized for some causes of action in a complaint but not for others, allocation is a matter within the trial court's discretion." (*Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 555.) The trial court is in the best position to determine the proper allocation "or whether the issues were so intertwined that allocation would be impossible," and we defer to the trial court's conclusion "that there was no precise methodology by which it could . . . apportion the fee request." (*Id.* at p. 556; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.) In reviewing the trial

7

court's statement of decision, we resolve any conflicts in the evidence or in the inferences to be drawn from the facts in support of the trial court's determinations about the factual and legal issues presented to it, and infer any necessary factual findings to support the judgment. (*Chapala Management Corp. v. Stanton* (2010) 186 Cal.App.4th 1532, 1535.) We do not disturb a fee award unless we are convinced that it is clearly wrong. (*McKenzie v. Ford Motor Co.* (June 12, 2015, G049772) __ Cal.App.4th __ [2015 Cal.App. Lexis 607, 15].)

"At the same time, discretion must not be exercised whimsically, and reversal is appropriate where there is no reasonable basis for the ruling or the trial court has applied 'the wrong test' or standard in reaching its result. [Citation.] "'The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion.""" (*Nichols v. City of Taft*, *supra*, 155 Cal.App.4th at p. 1239.)

The basis for the fee award was the section 998 offer's provision that Cedars would pay "statutory costs, including reasonable attorneys' fees incurred to the date of this offer, July 19, 2013, and for no time thereafter, which costs and fees shall be in an amount determined by the court, according to proof." (Boldface and underscore omitted.) Cedars argues that the trial court abused its discretion by awarding any fees at all, as the section 998 offer's language "statutory costs, including reasonable attorneys' fees" restricted any award of fees to those authorized under the applicable statutes. Cedars contends that because Barnes's entire lawsuit amounted only to a meal and rest period claim under Labor Code section 226.7, under *Kirby*, *supra*, 53 Cal.4th 1244, no statutory fees were available and the court had no power to award fees pursuant to the agreement. Alternatively, Cedars argues that the court abused its discretion in not apportioning the fees so that no fees were awarded for any work on the meal and rest period claims.

*Kirby*, *supra*, 53 Cal.4th 1244 considered solely "whether attorney's fees can be awarded under either [Labor Code] section 1194 or [Labor Code] section 218.5 to a party

8

that prevails in a [Labor Code] section 226.7 action." (*Kirby*, at p. 1250.) Our Supreme Court concluded the required payment for missed meal or rest periods was not tantamount to a statutorily prescribed minimum wage or to "'overtime compensation.'" (*Id.* at p. 1253.) Labor Code section 1194, which in subdivision (a) entitles "any employee receiving less than the legal minimum wage or the legal overtime compensation" to recover "reasonable attorney fees," therefore did not authorize an award of attorney fees for employees prevailing on a Labor Code section 266.7 action for the nonprovision of meal or rest periods. (*Id.* at p. 1254.) Labor Code section 218.5, which authorizes the award of fees to a prevailing party in an "action brought for the nonpayment of wages," also did not authorize fees for meal and rest period claims. While the legal remedy for a violation of meal and rest periods was an additional hour of pay, whether or not an additional hour had been paid was irrelevant to whether the employer failed to provide the meal periods, so that a Labor Code section 226.7 claim for a failure to provide statutorily mandated meal and rest periods "is not an action brought for nonpayment of wages; it is an action brought for nonprovision of meal or rest breaks." (*Id.* at pp. 1256–1257.)

Even if we were to accept Cedars' argument that the section 998 offer restricted any fees to those authorized under statute, we would not find an abuse of discretion in awarding fees. Had Barnes brought an action solely under Labor Code section 226.7, or had that been the only claim resolved by her acceptance of Cedars' section 998 offer, *Kirby*, *supra*, 53 Cal.4th 1244 would apply and attorney fees would have been unavailable. Barnes's other claims, however, survived summary judgment and were all resolved by the $25,000 settlement. They included failure to pay "waiting time" penalties under Labor Code sections 201, 202, and 203; unpaid overtime (including "off-the-clock overtime work"); failure to maintain records and improper paystubs; and failure to produce payroll records upon request. Even Cedars' opposition to the motion for attorney fees characterized some fees as "compensable . . . units." Further, Labor Code section 226, subdivision (e) authorizes an award of reasonable attorney fees for an employer's violation of the requirement of accurate record-keeping and compliance with

9

inspection requests. The court determined that it could not break out fees incurred for the meal and rest period claims from the other claims, as they were inextricably intertwined. The court did not abuse its considerable discretion in concluding that it was impossible to allocate attorney's fees between the claims.

As we conclude that the trial court did not abuse its discretion in awarding statutory attorney fees, we need not determine whether the language of the section 998 offer included an award of nonstatutory fees.

**DISPOSITION**

The judgment is affirmed. Costs are awarded to Paula Barnes.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

MOOR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.