Filed 6/28/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROGELIO RAMOS, | D068500 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. : 37-2013-00037990-CU-OE-CTL) |
| MANUEL GARCIA, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, William R. Nevitt, Jr., Judge.  Reversed with directions.

Law Offices of Douglas A. Cleary and Douglas A. Cleary for Plaintiff and Appellant.

Arizmendi Law Firm and Ruben F. Arizmendi for Defendant and Respondent.

Rogelio Ramos (Appellant) sued his former employers, Jose Robledo and Dora Garcia ("the two employers"; nonparties in this appeal), seeking to recover unpaid overtime, minimum wages and other compensation, and to impose job-related penalties.

(Lab. Code,[1] §§ 1194, 226.7, 201, 203 [waiting time for payment], 226, subd. (f) [failure to turn over wage records].)  Appellant obtained some of the monetary recovery he requested against the two employers.  However, Appellant had also sued Manuel Garcia ("Respondent"), claiming he was an employer, but Appellant lost on all those claims as to Respondent, when the court found that Respondent was a manager and co-employee of the business, not an owner/employer.

Following trial, the court awarded Respondent attorney fees, as the "prevailing party" under section 218.5, which is commonly referred to as a two-way fee shifting provision.  (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1258 (*Kirby*).)  Appellant argues on appeal that the award of attorney fees to Respondent must be reversed because the statutory requirements of sections 218.5 and 1194 do not allow an award of attorney fees under these circumstances, in which Respondent was a prevailing employee defendant.  We agree that the attorney fees award is not supported by the record and reverse with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant brought several statutory causes of action against his two employers, and also sought an award of attorney fees in his complaint as amended.[2]

---

[1]     All further statutory references are to the Labor Code unless otherwise specified.

[2]     One of the two employers, Dora Garcia, is married to Respondent.  The other employer was defaulted, and the judgment held him jointly and severally liable with Dora Garcia for statutory recovery and penalties.  Appellant recovered attorney fees from the employer Dora Garcia.

After trial, Appellant received an award against the two employers for unpaid overtime and minimum wage compensation, in the amount of $7,747.50 plus interest (on his § 1194 claims). He also was awarded penalties against his two employers for the waiting time before wages were paid ($3,052.50, under § 203), and for the delay in records provision ($750, under § 226 subd. (f)). Appellant lost on his claims for meal and rest period compensation (§ 226.7) against all defendants.

Respondent prevailed on all of Appellant's claims, as he was found to be a manager, not an employer. Respondent then filed a motion seeking an award of attorney fees against Appellant. Respondent argued that as a prevailing party, he was entitled to an award of attorney fees under section 218.5.[3] Respondent alleged that Appellant brought the action in bad faith, claiming "it was reasonably clear from the beginning that [Respondent] was not a proper defendant in the case and that he was not liable for any violations alleged in [Appellant's] complaint."

The court granted Respondent's motion for attorney fees, determining he was a prevailing party under section 218.5. The ruling specifically noted that it was not necessary for the court to find that Appellant brought the action against Respondent in

---

[3] In pertinent part, section 218.5 provides: "(a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. *However, if the prevailing party in the court action is not an employee*, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith . . . . [¶] (b) *This section does not apply* to any cause of action for which attorney's fees are recoverable under Section 1194." (Italics added.)

3

bad faith, in order to award Respondent (an employee) attorney fees pursuant to section 218.5. In calculating the amount of the award, the court deducted the time incurred by Respondent's counsel attributable to defending the codefendant, employer Dora Garcia, and it thus awarded only the amount of time recorded for Respondent's defense. The total fees award against Appellant was $29,295.

## DISCUSSION

Appellant argues the trial court erred in awarding attorney fees to Respondent under section 218.5 because the statutory requirements were not met, or alternatively, both sections 1194 and 218.5 only allow an award of attorney fees to a prevailing employee plaintiff, which Respondent was not. In contrast, Respondent contends that as a "prevailing aggrieved employee" who was a defendant, he is entitled to attorney fees under section 218.5 on all claims, or alternatively under section 1194 to the extent he defeated Appellant's overtime claim.

## I

### *LEGAL PRINCIPLES FOR REVIEW*

The interpretation of a statute on a set of established facts is a question of law subject to our independent review. When presented with pure questions of law, our review standard is de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 801.)

"We independently review questions of statutory construction. [Citation.] In doing so, 'it is well settled that we must look first to the words of the statute, "because they generally provide the most reliable indicator of legislative intent." [Citation.] If the statutory language is clear and unambiguous our inquiry ends. "If there is no ambiguity

4

in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.] We have also recognized that statutes governing conditions of employment are to be construed broadly in favor of protecting employees. [Citations.] Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation.' " (*Kirby, supra,* 53 Cal.4th at p. 1250.) In addition, " ' "significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose"[;] [citation] "a construction making some words surplusage is to be avoided." ' " (*Id.* at p. 1253.)

A statute should not be read in isolation, "but construed in context and ' "with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." ' " (*Compulink Management Center, Inc. v. St. Paul Fire and Marine Ins. Co.* (2008) 169 Cal.App.4th 289, 296.)

II

*STATUTORY SCHEMES FOR PREVAILING PARTY COSTS AND FEES*

A. Provisions of Section 218.5

Section 218.5 is a two-way fee shifting statute, permitting an award of attorney fees to either employees or employers who, as relevant here, prevail on an "action brought for the nonpayment of wages," or "on account of nonpayment of wages." (*Kirby, supra*, 53 Cal.4th at pp. 1256-1258; *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1429 (*Earley*).) If the employee's action was instead brought to remedy an

5

employer's legal violation (i.e., failure to provide a mandatory meal/rest break; § 226.7), there is no basis for awarding fees under section 218.5 (or under § 1194). (*Kirby*, *supra*, at pp. 1256-1259.) In such a case, employee claims are to be governed by the default American rule that each side must cover its own attorney fees. (*Id*. at p. 1259.)

Where a prevailing party in a court action is "not an employee," section 218.5, subdivision (a) further provides that an award of attorney fees and costs may be made "only if the court finds that the employee brought the court action in bad faith." (*Ibid*.) No such finding was made here.

In the application of section 218.5, subdivision (b), the term "any action" refers to any cause of action, and attorney fees may be awarded and apportioned on one eligible claim under section 218.5, even if the case also involved a claim exclusively subject to section 1194. (*Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 583-584 (*Aleman*).) Where there are multiple claims alleged in the complaint, a party need not prevail on all of the claims in order to qualify as a "prevailing party" under section 218.5, but may seek fees on only those claims to which section 218.5 applies. (*Aleman, supra,* at pp. 582-283.)

## B. Text of Section 1194

Section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action *the unpaid balance of the full amount of this minimum wage or overtime compensation,* including interest thereon, *reasonable attorney's fees*, and costs of suit." (Italics added.)

6

As explained in *Earley*, "[i]f an employee is unsuccessful in a suit for minimum wages or overtime, section 1194 does not permit a prevailing employer to recover fees or costs. '[S]tatutes expressly permitting fees for only a particular prevailing party have been interpreted as denying fees for the other party, even if it prevailed.' . . . [¶] Accordingly, section 1194, as the one-way fee-shifting statute made specifically applicable by the Legislature to overtime compensation claims, should be recognized as the sole statutory authority for the award of attorney's fees upon the successful prosecution of such claims." (*Earley*, *supra*, 79 Cal.App.4th at p. 1429; italics omitted.)

Underlying the analysis in *Earley, supra,* 79 Cal.App.4th 1420, is the recognition that an employer's compliance with wage and hours regulations is a duty imposed by the state, not a matter left to the employer's discretion. "To allow employers to invoke section 218.5 in an overtime case would defeat that legislative intent and create a chilling effect on workers who have had their *statutory* rights violated. Such a result would undermine statutorily-established public policy. That policy can only be properly enforced by a recognition that section 1194 alone applies to overtime compensation claims." (*Earley, supra,* at p. 1431.)

Such one-sided attorney fee provisions are generally enacted in public legislation "as a deliberate stratagem for advancing some public purpose, usually by encouraging more effective enforcement of some important public policy. . . . [¶] The fact lawmakers offer a bounty for plaintiffs who sue to enforce a right the Legislature has chosen to favor in no sense implies it intends to offer this same bounty to defendants who show they have not violated the right. Indeed the more logical explanation is that the Legislature desires

7

to encourage injured parties to seek redress -- and thus simultaneously enforce public policy -- in situations where they otherwise would not find it economical to sue." (*Covenant Mutual Ins. Co. v. Young* (1986) 179 Cal.App.3d 318, 324-325; italics omitted.)

### C.  Code of Civil Procedure Section 1032

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  (Code Civ. Proc., § 1032, subd. (b); see *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [prevailing party may only recover attorney fees when the right is provided by statute or contract].)  Code of Civil Procedure section 1033.5, subdivision (a) governs what items are allowable as costs, and only authorizes an award of attorney fees where they are provided by either contract, statute, or law.  (Code Civ. Proc. § 1033.5, subd. (a)(10)(A), (B), (C).)

The trial court's award to Respondent as a prevailing defendant may have been intended, at least in part, as ordinary prevailing party costs, pursuant to Code of Civil Procedure section 1032.  (See *Aleman*, *supra*, 209 Cal.App.4th at p. 584, fn. 14 [even an applicable one-way fee shifting provision does not prohibit a prevailing defendant's recovery of ordinary costs of suit].)  We inquire if the attorney fees award was supported by statute, as a matter of law.

8

III

*ANALYSIS*

A.  Appellant's Theories

As far as we can discern from the briefing, which is confusing on both sides, Appellant asserts several grounds for the reversal of the award of attorney fees to Respondent.  He discusses each of the theories in his complaint on which Respondent was not held liable and thus arguably "prevailed."  First, Appellant points out that as to his overtime claims, section 1194 is a one-way fee shifting statute which gives only employees the right to recover reasonable attorney fees if they successfully sue for overtime compensation, but it does not give employers or the Respondent any corresponding right, in the event of their successful defense of an action.

To the extent that Respondent could claim attorney fees under section 218.5, subdivision (a), a further provision in its subdivision (b) states that if attorney fees were recoverable under section 1194, they are not recoverable under section 218.5.  Appellant appears to reason that on the overtime claims, only he as a plaintiff could obtain an award of fees under section 1194, and therefore Respondent is barred from such an award by section 218.5, subdivision (b).

Likewise, Appellant claims that even though he received no recovery at all on his meal and rest period claims under section 226.7, it was established under *Kirby, supra*, 53 Cal.4th 1244, 1259, that neither sections 1194 or 218.5 provide any attorney fee entitlement to any prevailing party on such a claim.

Appellant next argues that to the extent he obtained a waiting time penalty against the two employers, under sections 201, subdivision (a) and 203, Respondent does not qualify for an award of attorney fees, because Respondent was not an employer and could not meet the requirements of section 218.5, subdivision (a), for such an award.[4] Further, section 218.5, subdivision (a) states that it does not apply to a prevailing party in the court action who "is not an employee," *unless* the court finds that the plaintiff-employee brought the action in bad faith.

We examine these claims and the responses given by Respondent, to ascertain the existence of any statutory basis for an award of attorney fees to Respondent.

### B.  Effect of Section 1194

In *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*), the Supreme Court acknowledged that aggrieved employees have the right to bring statutory claims about their employment, through private enforcement actions, such as under section 1194. (*Gentry*, *supra*, at pp. 455-456.)  The court explained the legislative intent and public policy goals supporting section 1194 as "protecting employees in a relatively weak bargaining position against" abuse by their employers.  (*Gentry*, *supra*, at p. 455.)

Respondent cites to *Gentry*, *supra*, 42 Cal.4th 443, for the proposition that he is an "aggrieved employee" in this case, who qualifies for protection in the form of an award of attorney fees under section 1194.  Even though Respondent was unsuccessfully sued as a

---

4      Although Appellant's briefing does not address a further award that he obtained against the two employers, the judgment shows he received a penalty award of $750 for their failure to timely provide him inspection of wage records, pursuant to section 226, subdivision (f).

10

defendant, we disagree with his characterization that he is such a "prevailing aggrieved employee," for purposes of attorney fee analysis. Section 1194 is a one-way fee shifting statute that only permits a prevailing employee to recover fees or costs, and Respondent can cite to no supporting law that he qualifies as the type of "prevailing employee" authorized to recover fees or costs under section 1194, because he was not the plaintiff. Respondent was not an employee seeking unpaid minimum wage or overtime compensation against his employer and who was deserving of this form of statutory protection. (§ 1194, subd. (a).) Respondent was simply the incorrect person for Appellant to bring his causes of action against, and that is the sole reason he prevailed at trial. (See *Aleman, supra*, 209 Cal.App.4th at p. 582 [even where the employees' claims were "misguided and fruitless attempts to recover minimum wages that were not owed," this should not have resulted in a fees award in favor of the prevailing defendant employer under section 1194]; *Earley, supra,* 79 Cal.App.4th at pp. 1429-1430.)

Respondent may not properly defend his award of attorney fees by referring to the use of the term "any employee" in section 1194, even though Appellant failed to recover against him on the minimum wage and overtime compensation claims in the complaint.

### C. Section 218.5's Inapplicability to Respondent

#### 1. Introduction

Sections 218.5 and 1194 cover similar, though functionally exclusive, subjects. (*Aleman*, *supra*, 209 Cal.App.4th at p. 579.) In that case, the court had to choose between these alternate statutory fees analyses, and began by deciding the nature of the compensation sought by those (unsuccessful) plaintiffs. The court decided that one of

11

those plaintiffs' losing claims, recovery of split shift compensation (under Cal. Code Regs., tit. 8, § 11040), was governed by section 1194 (similar to minimum wage) and it accordingly was not subject to an employer's fees award under section 218.5, subdivision (b). (*Aleman*, *supra*, 209 Cal.App.4th 556, 581-582.)

The court in *Aleman*, *supra*, 209 Cal.App.4th 556, decided that the other losing claim pursued by those plaintiffs, for reporting time pay (Cal. Code Regs., tit. 8, § 11040), was one brought "on account of nonpayment of wages," and thus section 218.5 attorney fees provisions properly applied, thus allowing the employer to recover fees on prevailing. (*Aleman*, *supra*, at pp. 582-584; *Kirby, supra,* 53 Cal.4th at p. 1256.)

The court in *Aleman, supra*, 209 Cal.App.4th 556 interpreted *Kirby* to say that a claim is subject to section 1194 only if it seeks to enforce unpaid minimum wage or overtime compensation. (*Aleman, supra,* at pp. 580-583; *Kirby, supra*, 53 Cal.4th at p. 1252.) A different type of claim (one seeking to enforce unpaid wages) would not be covered by section 1194, but alternatively, could give rise to a fees entitlement under section 218.5 (as an action "brought for the nonpayment of wages"; § 218.5, subd. (a); *Aleman, supra*, at pp. 580-583).

Now, after *Kirby*, it is clear that a third type of employee claim (§ 226.7 action for the nonprovision of statutorily mandated meal/rest periods), cannot result in an award of attorney fees to a prevailing party, under either sections 218.5 or 1194. The reason is that the gravamen of a section 226.7 action is the *nonprovision of meal or rest periods*, not the nonpayment of wages. (*Kirby*, *supra*, 53 Cal.4th at p. 1255; *Aleman, supra,* 209 Cal.App.4th at p. 583.) In our case, Appellant did not prevail against any of the

12

defendants under section 226.7, and it is not clear whether any attorney fees were awarded to Respondent regarding this claim. In any event, they would not be supported, under the *Kirby* analysis. (*Kirby*, *supra*, 53 Cal.4th at p. 1255.) We also determined above that the section 1194 basis for attorney fees to Respondent is not available. (Pt. II.B, *ante*.)

Two issues remain on whether section 218.5 would properly allow fees to Respondent because he defeated both of the penalty claims (also brought against the two employers, §§ 201, subd. (a), 203 [waiting time penalty] or 226, subd. (f) [late inspection of wage records]). Were they claims "brought for the nonpayment of wages" (§ 218.5, subd. (a)), such as to allow fee shifting to occur? (*Kirby*, *supra*, 53 Cal.4th at p. 1256.) Further, does Respondent qualify within the meaning of section 218.5, subdivision (a) as a prevailing party in the court action who is "not an employee?"

2. Nature of Claims v. Respondent; Potential Liability for Penalties

This Respondent was erroneously sued as an employer. As to Appellant's unsuccessful waiting time penalty claims against him (§§ 201, subd. (a), 203, subd. (a)), the court's discussion in *Kirby* identified the basis for those statutory claims as "*the employer's 'nonpayment of wages,'* " and accordingly it stated such an action potentially will fall within the scope of section 218.5. (*Kirby, supra,* 53 Cal.4th 1244 at pp. 1255-1256.) Here too, we can consider that the gravamen of the plaintiff-employee's, Appellant's, statutory claim for such penalties was for nonpayment of wages, and section 218.5 could apply.

13

Arguably, the other kind of penalty assessed against the two employers, for their failure to permit timely access to employment records (§ 226, subd. (f)), could be deemed similar to a meal and rest breaks claim under section 226.7, because it also involves an employer's nonprovision of an employment right. (*Kirby*, *supra*, 53 Cal.4th at pp. 1256-1257.) However, the employment records involved wages, and it is the employer who has a duty to allow inspection of records. (§ 226, subd. (f).) For both of these types of penalties for purposes of applying section 218.5, it seems reasonable to consider that the gravamen of Appellant's claims was to remedy the nonpayment of wages. (*Kirby*, *supra*, at pp. 1256-1257.) However, Respondent as a fellow employee was not held liable for such penalties.

When applying section 218.5, we examine the result gained on each cause of action, to determine eligibility for an attorney fees award. (*Aleman, supra,* 209 Cal.App.4th 556, 584.) Similar to the situation in which there are multiple claims alleged in the complaint, but a party does not prevail on all of them and thus can only seek fees on claims to which section 218.5 applies, our analysis here must include consideration of how each of the multiple defendants prevailed, and on what theory. (See *Aleman, supra,* at pp. 582-583.)

An employee's court action described in section 218.5, subdivision (a) arises out of an employer's nonpayment of wages due (or specified fringe, pension or benefits due). Where the statute states "if the prevailing party in the action is not an employee," it is assuming that it was the employer that prevailed against the plaintiff employee. In harmonizing the terms of section 1194 and section 218.5, the court in *Earley* determined

14

that although an employer cannot recover fees under section 1194 after defeating an action that sought minimum wages or overtime compensation, "[s]ection 218.5 would still be available for an action brought to recover nonpayment of contractually agreed-upon or bargained-for 'wages, fringe benefits, or health and welfare or pension fund contributions.' " (*Earley*, *supra*, 79 Cal.App.4th at p. 1430.) A prevailing employer could recover attorney fees in that manner. (*Ibid.*)

In our case, even if Appellant's claims for employer penalties were arguably for the "nonpayment of wages," and thus could generally have fallen within the scope of section 218.5, Respondent still does not qualify as a prevailing party under that section. He was never held liable for failure to pay an employer's penalties, and those theories did not apply to him. Appellant's recovery of penalties against the two employers did not make Respondent a prevailing party within section 218.5.

### 3. Effect of Bad Faith Language in Section 218.5

We next interpret the portion of section 218.5, reading "if the prevailing party in the court action is 'not an employee,' attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith." (§ 218.5, subd. (a).) The trial court declined to make such a finding, indicating that it was not necessary to do so "in order to award [Respondent] (an employee) attorney's fees pursuant to section 218.5." The court's interpretation of section 218.5 to authorize an award is incorrect.

In *Bradstreet v. Wong* (2008) 161 Cal.App.4th 1440, the court relied on common law principles defining an employer, to hold that the duty to pay wages to the employees

of certain closely held corporations was owed by the corporations as employers, not by the individual principals who owned and managed the corporations. (§ 200 et seq.; *Bradstreet, supra*, at pp. 1451-1452.) In reaching its conclusions, the court interpreted Labor Code sections in light of a common law definition of "employer," in the absence of any contrary legislative intent. (*Id.* at p. 1454; see *Martinez v. Combs* (2010) 49 Cal.4th 35, 64 [alternate definitions of employment relationship].)

By comparison, it is difficult to utilize a common law meaning of "employee" when determining who should qualify as a prevailing party within the meaning of the fee shifting policies of section 218.5. Respondent was sued as if he were "not an employee," but effectively, he prevailed as an "employee "or "co-employee." Under section 218.5, subdivision (a), there shall be no award of prevailing party fees and costs unless the "employee" (plaintiff) sued in bad faith. The fact that Appellant managed to succeed on his claims against the two employers indicates there was some legitimacy to his claims, even though Appellant was wrong about Respondent's role.

To award Respondent attorney fees as a "prevailing employee," simply because he was found not to be Appellant's employer, ignores the evident intent of these related statutes, which is the protection of employees who sued their employer for nonpayment of wages, in good faith but unsuccessfully, against being held liable for the employer's attorney fees. (See *Kirby, supra,* 53 Cal.4th at pp. 1257-1259.) Section 218.5 was not intended to authorize an attorney fee award against an employee who unsuccessfully sues a fellow employee, even on nonpayment of wage claims. We disagree with Respondent's theory of recovery of attorney fees that he is a "prevailing aggrieved *employee*."

16

When we consider how Respondent prevailed against Appellant's claims, and when we examine the statutory purposes of section 218.5 and section 1194 as explained in *Kirby* and other authorities, we conclude that for purposes of attorney fees analysis under section 218.5, the American rule must apply to Respondent, a fellow employee who was erroneously sued as an employer, so that Respondent must bear his own attorney fees. (See *Kirby*, *supra*, 53 Cal.4th at p. 1259.) However, nothing we say here regarding the unavailability of statutory attorney fees is intended to preclude Respondent from the recovery of ordinary costs of suit (not attorney fees), pursuant to Code of Civil Procedure section 1032. (*Aleman*, *supra*, 209 Cal.App.4th at p. 584, fn. 14.)

## DISPOSITION

The order granting Respondent's motion is reversed with directions to the trial court to issue a different order denying Respondent's motion for attorney fees. The ordinary costs on appeal shall be awarded to Appellant.

_____

HUFFMAN, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

O'ROURKE, J.

17