Filed 3/17/21  Caballero v. Bill Muncey Industries CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ISMAEL CABALLERO,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>BILL MUNCEY INDUSTRIES, INC.,<br>et al.,<br><br>  Defendants and Respondents. | D076628<br><br><br><br>(Super. Ct. No. 37-2016-<br>00044114-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Fine & Associates, Ali Razi and Paul K. Fine for Plaintiff and Appellant.

Ramey Litigation Group and Christopher L. Ramey for Defendants and Respondents.

### INTRODUCTION

Ismael Caballero, who worked as a cook at Galley at the Marina restaurant, sued Fran Muncey (Fran), an individual he believed to own and operate the restaurant, and Bill Muncey Industries, Inc. (Muncey Industries)

the corporate entity responsible for the restaurant, for various wage and hour violations and for violation of California Business and Professions Code section 17200 et seq., the Unfair Competition Law (UCL). Following trial, the jury concluded Fran had no liability, but Muncey Industries failed to pay overtime wages and violated wage statement requirements. Judgment was entered against Muncey Industries for unpaid overtime and wage statement violations in the amount of $6,958.36. Caballero subsequently moved for attorney fees in the amount of $168,749.47, representing the full value of the services, based on his success on the overtime and wage statement causes of action against Muncey Industries. The court awarded $17,234, explaining it had apportioned the attorney fees based on Caballero's limited success; the court also recognized that some of the billing entries may have been excessive or duplicative.

Caballero appeals, contending the court improperly apportioned the attorney fees. We conclude the court did not abuse its discretion, and we will affirm.

BACKGROUND AND PROCEDURAL FACTS

In December 2016, Caballero filed suit in an individual and representative capacity[1] against Fran, who Caballero alleged was the owner, manager, and person in charge of the restaurant, and DOES 1–50. He alleged four causes of action: (1) failure to pay overtime compensation (Labor Code,[2] §§ 203, 510, 515, subd. (d), & 1198); (2) failure to provide meal and

---

[1] Caballero filed the suit as a class action and as a private attorney general action (PAGA) (Bus. Prof. Code, § 17204).

[2] Further unspecified statutory references are to the Labor Code.

rest period breaks (§ 226.7); (3) failure to provide itemized wage statements; and (4) violation of the UCL (Bus. & Prof. Code, § 17200 et seq.).

Caballero requested a default judgment against Fran in February 2017; the default judgment was later vacated in March 2017. Shortly thereafter, Caballero amended the complaint to name Muncey Industries in place of DOE 1. Fran and Muncey Industries filed separate answers.

The case eventually proceeded to trial in May 2018, where the jury concluded Muncey Industries paid Caballero a rate lower than legal overtime for the overtime hours he had worked, and it owed Caballero $2,958.36. The jury also concluded the wage statements Caballero received did not accurately reflect the regular and overtime work and wages earned, and the failure to provide those statements was knowing and intentional by Muncey Industries. The jury further concluded that Fran did not fail to pay proper overtime or provide inaccurate wage statements, and it concluded Fran did not owe Caballero any wages. Finally, the jury determined that Caballero was not denied an opportunity to take meal breaks or rest breaks by either defendant.

In August 2018, the defendants filed a motion for entry of judgment as to conclusions of law regarding Caballero's PAGA and class claims, as well as the UCL cause of action.[3] The court granted the motion regarding Fran and granted it as to Muncey Industries regarding the PAGA and class claims, but it denied the claim for relief regarding the UCL.

Caballero filed a motion for judgment notwithstanding the verdict and contended, among other things, that there was an inconsistency in the verdict because the jury determined the wage statements were defective but did not

---

[3] A copy of this motion is not included in the record; however, the tentative ruling on this motion was provided.

award any mandatory penalties associated with such a conclusion. The court ordered a new trial on the wage statement cause of action against Muncey Industries only.

On the day the retrial was scheduled to commence, Fran testified that Muncey Industries was responsible for the wage statements, and its failure to provide an accurate wage statement was knowing and intentional. After Fran testified, the court concluded all the issues necessary for jury resolution had been resolved, and no second trial occurred.

In a follow-up discussion about the causes of action on which Caballero prevailed, Caballero's attorney argued that Caballero had prevailed on the UCL claim but acknowledged he was not seeking any equitable relief and simply wanted to prevent defense counsel from claiming defendants had prevailed on that cause of action. Defense counsel disputed Caballero's claim that Caballero had prevailed on the UCL cause of action. The court did not resolve the dispute.

The court told the parties: "[I]n part, plaintiff has now prevailed in this case. In part, and given the fact that Ms. Muncey has been fully vindicated, maybe in large part, the defense has prevailed. [¶] What this case seems to have come down to is a request for fees and costs. Mostly fees for plaintiff's side. And that's not unreasonable. But everyone should be mindful, given how familiar I have become to this case, that I will take—and I'm going to make a decision on the amount of fees that the Court will necessarily take into account the degree of success that each side has achieved in this case. [¶] So for every hundred dollars, for example, that plaintiff has invested in this case in fees, that will be discounted by some facet. I'm not trying to beat you up—I'm looking at the plaintiff—but there will be some degree of discount because the defense has prevailed in some significant respect."

4

In Caballero's subsequent motion for attorney fees, he sought $168,749.47, arguing he had prevailed on the overtime and wage statement claims and was entitled to attorney fees as a matter of law under sections 226 and 1194. He argued the number of hours expended on the case and the hourly rate were reasonable.

Defendants opposed the motion, challenging the hourly rate, the number of hours, and several specific billing entries. Defendants also argued attorney fees were only recoverable on the statutory causes of action and only against Muncey Industries, so the court should apportion attorney fees on those bases.

At the hearing on the motion to award attorney fees, Caballero's attorney argued the claims could not be apportioned because they were intertwined. The attorney maintained that apportionment would be inappropriate because all the time spent in litigation related to time cards, including the claims providing for statutory attorney fees.

The court awarded $17,234 in attorney fees. It noted Caballero's partial success, prevailing on two of the claims and against only one defendant. The court used the attorneys' hourly rate of $350.00 and acknowledged some of the entries could have been excessive or duplicative, but it credited the attorneys with the full number of hours submitted to the court, then assigned a 10 percent value, labeled as "apportionment" to reduce the overall attorney fees to reflect Caballero's limited success. In some language added after taking the matter under submission, the court noted it was proper to apportion the attorney fees to account for unsuccessful claims including when there are allegations of meal and rest period violations, which do not permit awards of attorney fees.

DISCUSSION

I

ATTORNEY FEE AWARD

A.  Standard of Review

"The amount of an attorney fee to be awarded is a matter within the sound discretion of the trial court." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 (*Akins*).)  "[W]e will not disturb that determination unless we are convinced it is clearly wrong." (*Id.* at p. 1134, citing *Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)  A trial court abuses its discretion when its ruling exceeds the bounds of reason taking into consideration all circumstances before it.  (*Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, 1083 (*Erickson*).)  A ruling that constitutes an abuse of discretion is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 (*Sargon*).)  "The only proper basis of reversal of the amount of the attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination." (*Akins*, at p. 1134.)

B.  Legal Principles

We begin with a discussion of the types of apportionment that a court considers when awarding attorney fees in a situation like the one before us.  One type of apportionment involves allocating attorney fees when causes of action for which attorney fees are provided by statute are joined by causes of action for which attorney fees are not permitted.  In such cases, "the prevailing party may recover only on the statutory cause of action." (*Akins*, *supra*, 79 Cal.App.4th at p. 1133.)  For example, in *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672 (*Bell*), the plaintiff sued the school

6

district for failure to comply with the Brown Act and for tort damages. (*Id.* at p. 680.) The plaintiff was entitled to statutory attorney fees only for the Brown Act violations, which comprised four of the 15 causes of action. (*Ibid.*) Neither party in the action attempted to apportion fees, and blocked-billing statements made it nearly impossible to break down hours on a task-by-task basis between the two sets of claims, so a panel of our court concluded that "the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or it should simply cast them aside." (*Id.* at p. 689.)

However, "the joinder of causes of action should not dilute the right to attorney fees. Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. All expenses incurred on the common issues qualify for an award." (*Akins*, *supra*, 79 Cal.App.4th at p. 1133.) Thus, "[a]pportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units." (*Bell*, *supra*, 82 Cal.App.4th at p. 687.)

However, even when the claims for relief are intertwined, the court must still determine the amount of attorney fees reasonable in light of the relative extent of degree of success in obtaining results. (*Sokolow v. County of San Mateo* (1989) 213 Cal.App.3d 231, 247 (*Sokolow*) [attorney fees under 42 U.S.C. § 1988].) Thus, a second type of apportionment occurs when courts allocate attorney fees to a prevailing party based on the significance of the party's success. (See *Ramos v. Garcia* (2016) 248 Cal.App.4th 778, 791 (*Ramos*).)

When a plaintiff is a prevailing party because he or she has succeeded on only some claims for relief, courts conduct a two-part analysis: First, did

the plaintiff fail to prevail on claims unrelated to those on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended in light of the level of success?  (*Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1307-1308, quoting *Hensley v. Eckerhart* (1983) 461 U.S. 424, 434 (*Hensley*).)

" 'If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. . . .  the most critical factor is the degree of success obtained.' " (*Sokolow*, *supra*, 213 Cal.App.3d at p. 247, quoting *Hensley*, *supra*, 461 U.S. at pp. 436-437.)  "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." (*Hensley*, *supra*, 461 U.S. at p. 440.)  There is no precise rule or formula for making this determination.  (*Sokolow*, *supra*, 213 Cal.App.3d at p. 248.)  A trial court may identify specific hours to eliminate or it may reduce the award overall to account for the limited amount of success.  (*Ibid.*)

## C. Analysis

Caballero is entitled to reasonable attorney fees for his success on the unpaid overtime and wage statement violation causes of action.  (§§ 218.5 & 1194.)  Although successful claims for nonpayment of wages, including the failure to pay overtime compensation, are entitled to the payment of reasonable attorney fees under sections 218.5 and 1194, the nonprovision of meal and rest periods does not result in an award of attorney fees to a prevailing party under these same provisions because those causes of action do not involve the nonpayment of wages.  (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1255; *Ramos*, *supra*, 248 Cal.App.4th at pp. 789-

790.) Thus, at issue is whether the court's allocation of attorney fees was reasonable in light of the relationship between the overtime and wage statement violation causes of action and the other causes of action, as well as in light of Caballero's limited success.

Caballero argues his claims are intertwined because the discovery regarding time records and wage statements was the same for the overtime and wage statement claims as for the meal and rest break violation claims. Defendants argue there was no attempt to apportion the fees between the various causes of action and no evidence they could not be apportioned, and the court's order likewise notes that Caballero's moving papers did not argue the attorney hours could not be apportioned between successful and unsuccessful claims. Caballero's failure to apportion the fees was not the result of his failure to address the issue, but instead his insistence that apportionment was improper under the circumstances. Caballero's attorney argued at the hearing that there was no attempt to apportion the claims because they were so intertwined that work could not be separated and because all the time was spent on the time cards, which related to the statutory claims for attorney fees, so there should be no apportionment.

While some of the tasks likely could not be apportioned to only one cause of action or one defendant because the claims rely on the same factual allegations and records, there is some evidence in the record that some amount of apportionment between successful attorney fee claims and the other claims is possible. For example, even taking into consideration that Fran may have had information relevant to whether Muncey Industries was complying with wage and hour laws, there was period of time before Muncey Industries was named in March 2017 when billing records indicate the work revolved around the suit against Fran only. Because Caballero was not

9

successful against Fran, the work done solely in connection with the suit against Fran, before Muncey Industries was named, could be apportioned from the causes of action for which attorney fees were recoverable.[4] (See, e.g., *Ramos*, *supra*, 248 Cal.4th at p. 791 [explaining that courts consider results gained on each cause of action for attorney fees under section 218.5, including how each of the defendants prevailed]; *Sokolow*, *supra*, 213 Cal.App.3d at p. 250 [discussing apportioning attorney fees between different defendants]; *Pasadena Police Officers Ass'n v. City of Pasadena* (2018) 22 Cal.App.5th 147, 171-172 [discussing apportionment when recovery can only be had against one of two defendants].)

Caballero argues separately that the attorney fees he sought were reasonable in light of the length of the litigation and defendants' unwillingness to settle the case until after trial, and that there is no legal basis for apportioning attorney fees based on success against only one defendant because the violations were the same regardless of who owned the business. But this ignores the court's discretion; when a lawsuit consists of related claims, some with attorney fee provisions and others without, a plaintiff who has only limited success should be awarded the amount of fees reasonable in relation to the results achieved. (See *Sokolow*, *supra*, 213 Cal.App.3d at p. 247; *Ramos*, *supra*, 248 Cal.App.4th at p. 791.)

Before the motion on attorney fees was filed, the court cautioned the parties that it would consider the degree of success that each side had achieved and noted there would be a discount because the defense had

---

[4] We recognize that the legal work conducted before Muncey Industries was named in the matter could be a basis for Caballero's later success against Muncey Industries, but Caballero does not cogently argue why all the legal work specific to its case against Fran was so necessary to its success against Muncey Industries that to find otherwise was an abuse of discretion.

10

prevailed "in some significant respect." In its tentative ruling, the court explained that apportionment was proper to account for the unsuccessful claims, and it specified in its order that the award of attorney fees was based on Caballero's limited success, noting that he obtained relief on two of the claims against only one of the defendants.

Caballero attempts to downplay his limited success, stating he prevailed on two wage-and-hour causes of action, and by extension the UCL cause of action.[5] But Caballero's contention on this point is misleading. While the court told the parties that it understood the UCL allegation had been included to extend the statute of limitations, plaintiff's counsel confirmed that Caballero was not seeking any equitable relief under the UCL, and neither the judgment nor the order regarding attorney fees addressed the UCL cause of action.

Additionally, before trial, the defendants had successfully moved for a judgment as to conclusions of law regarding Caballero's PAGA claims and class certification, and it appears the court granted the motion.

The trial court is in the best position to value the professional services provided. (*Akins*, *supra*, 79 Cal.App.4th at p. 1134.) Here, it concluded that the attorneys' requested hourly rate was reasonable, but it recognized that some of the billing entries were excessive or duplicative, and it reduced the total amount of recovery due to Caballero's limited success. It was within the court's discretion to reduce the overall award to account for the limited amount of success (*Sokolow*, *supra*, 213 Cal.App.3d at p. 248), both in terms of causes of actions and defendants. Further, Caballero's limited recovery of

---

[5] A court could conclude that the factual and legal issues surrounding violation of the UCL and the wage and hour claims were too interrelated to apportion (see *Pellegrino v. Robert Half Internat., Inc.* (2010) 182 Cal.App.4th 278, 288-289), but the court here did not do so.

11

less than $7,000 in compensatory damages and penalties[6] in comparison to the $168,749.47 sought in attorney fees further supports the trial court's decision to reduce the award. We cannot say the amount awarded is so small under the circumstances that it shocks the conscience (see *Erickson*, *supra*, 126 Cal.App.4th at p. 1083; *Akins*, *supra*, 79 Cal.App.4th at p. 1134); nor do we conclude that no reasonable person could agree with it (*Sargon*, *supra*, 55 Cal.4th at p. 773).

II

MOTION FOR SANCTIONS

Defendants seek sanctions in the amount of $69,750 in the matter on the basis that the appeal is frivolous and totally lacking in merit, creating a professional obligation not to pursue it, and due to the distortion of the record. Defendants also point out that Caballero's briefing violates the California Rules of Court.

Code of Civil Procedure section 907 and California Rules of Court rule 8.276(a)(1) authorize sanctions when an appeal is brought for an improper motive or when any reasonable attorney would agree an appeal has no merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).) "However, any definition [of frivolousness] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid*.)

---

[6] Caballero recovered $2,958.36 for unpaid overtime wages and $4,000 in penalties for wage statement violations.

Defendants have not presented us with any significant indication that the appeal was taken in bad faith or solely for the purpose of delay, and it does not meet *Flaherty*'s legal standard for frivolousness. As is evident from our discussion *supra,* we cannot say there was *no* basis for the appeal.

We agree with defendants that Caballero's appellate briefs fail to comply with the California Rules of Court in a number of respects. Caballero does not follow format requirements: he does not use roman font style or italicize or underscore case names. (Cal. Rules of Court, rule 8.204(b)(3).) Caballero also fails consistently to support references to matters in the record by a citation to the volume and page number of the record where the matter appears. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Although the opening brief includes some citations to the record, it does so sporadically. For example, in his Statement of Facts, Caballero recites nearly a full page of facts before citing to the record, and the record citation at the end of the page regards only one of the numerous facts recited on the page.

Further, as we previously addressed, although Caballero repeatedly claims he prevailed on the UCL claim, he fails to cite to the record for this claim, and the record does not reflect that judgment was reached on this cause of action. We caution Caballero's attorneys to be more precise in the future. While we agree with defendants that Caballero's appellate briefing fails to comply with California Rules of Court in several respects, we decline to award sanctions on this basis.

DISPOSITION

The judgment is affirmed.  Parties to bear their own costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



O'ROURKE, J.