Filed 12/5/23  Schwade v. South Pasadena Rehabilitation Center CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PATRICIA SCHWADE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SOUTH PASADENA REHABILITATION CENTER, LLC et al.,<br><br>    Defendants and Respondents. | B318644<br><br>(Los Angeles County Super. Ct. No. BC694824) |

        APPEAL from an order of the Superior Court of Los Angeles County, Amy D. Hogue, Judge.  Reversed.

        Matern Law Group, Matthew J. Matern, Kiran Prasad, Mikael H. Stahle and Irina A. Kirnosova for Plaintiff and Appellant.

Munger, Tolles & Olson, Joseph D. Lee, Margaret G. Maraschino and Jessica O. Laird for Defendants and Respondents.

_____

Plaintiff and appellant Patricia Schwade (Schwade) brought this action against defendants and respondents South Pasadena Rehabilitation Center, LLC; Brius Management Co.; Brius, LLC; and Shlomo Rechnitz (collectively respondents) alleging various Labor Code violations, including claims for the nonpayment of wages (wage claims). Following a successful motion for summary judgment, respondents sought to recover their costs. Schwade moved to strike or tax those costs. The trial court denied Schwade's motion, and Schwade appeals.

We agree with Schwade that the trial court erred. Under Labor Code section 218.5, subdivision (a),[1] respondents are prohibited from recovering costs incurred defending Schwade's wage claims. Because Schwade's wage claims are inextricably intertwined with her nonwage claims, respondents are not entitled to recover any costs. Accordingly, we reverse.

**BACKGROUND**

I. *Schwade's Claims Against Respondents*

In the operative first amended complaint, Schwade alleged that she had been employed by numerous parties, including respondents. She asserted individual and class claims under the Labor Code against respondents for the failure to provide

_____

[1]     All further statutory references are to the Labor Code unless otherwise indicated.

2

required meal periods, failure to provide required rest periods, failure to pay overtime wages, failure to pay minimum wages, failure to pay timely wages during employment, failure to pay all wages due to discharged and quitting employees, failure to furnish accurate itemized wage statements, failure to maintain required records, and failure to indemnify employees for necessary expenditures incurred in discharge of duties. Schwade also alleged unfair and unlawful business practices under the Business and Professions Code.

II. *Respondents' Motion for Summary Judgment*

Respondents moved for summary judgment on the ground that they were not Schwade's employer. The trial court granted the motion, finding it undisputed that respondents did not employ Schwade. The court subsequently entered judgment in respondents' favor.[2]

III. *Respondents' Memorandum of Costs; Schwade's Motion to Strike or Tax Costs*

Respondents filed a memorandum of costs seeking a total of $11,937.63. In response, Schwade moved to strike or tax respondents' costs. She argued, inter alia, that recovery of respondents' costs was barred under sections 218.5 and 1194.[3] Respondents opposed the motion.

---

[2]     Schwade appealed from the judgment, and we affirmed. (*Schwade v. South Pasadena Rehabilitation Center LLC* (Feb. 28, 2023, B314052) [nonpub. opn.].)

[3]     Section 1194, subdivision (a), allows a prevailing employee to recover attorney fees and costs in actions for minimum wage violations and unpaid overtime.

IV. *Trial Court's Order*

After entertaining oral argument, the trial court denied Schwade's motion to strike or tax costs. The court found that respondents' claimed costs were facially proper, that statutory exceptions did not bar respondents' recovery of costs, and that respondents had not waived their right to recover costs.

The trial court addressed whether sections 218.5 and 1194 barred respondents from recovering their costs. It noted that two of Schwade's causes of action—failure to pay timely wages and failure to pay all wages due—"were 'for the nonpayment of wages' within the meaning of section 218.5[.]" Finding "no evidence" that the causes of action were brought in bad faith, the court concluded that, under section 218.5, respondents could not "recover costs incurred defending against" those claims.

The trial court also found that respondents were barred from recovering costs pursuant to section 1194 for another two of Schwade's causes of action—failure to provide overtime wages and failure to provide minimum wages.

But, the remaining six causes of action "were neither 'actions[s] brought for the nonpayment of wages' within the meaning of section 218.5, nor actions to recover minimum wages or overtime compensation within the meaning of section 1194." Thus, the trial court had to decide "how to award costs to a party entitled to costs for some, but not all, of the claims on which it prevailed." To answer this question, the court turned to *Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 235 (*Cruz*), which addressed "[a] somewhat analogous situation . . . with attorney's fees": "'Where a plaintiff has alleged multiple causes of action and is statutorily entitled to fees with respect to only one or fewer than all of the claims,' the trial court can 'apportion' the claimed

4

fees between time spent litigating successful claims and time spent litigating unsuccessful claims. [Citation.] A court need not, however, apportion fees 'between claims for which statutory fees are available and those for which they are not' if the claims are 'intertwined,' that is, they 'involve either common factual issues or legal issues.' [Citation.]"

Ultimately, the trial court determined that all of Schwade's claims were intertwined. Because the claims were intertwined and respondents were "entitled, under [Code of Civil Procedure section 1032, subdivision (b)'s] general cost statute, to recover their costs defending" the six causes of action for which costs were not statutorily barred, the court denied Schwade's motion to strike or tax costs in its entirety.

V. *Appeal*

Schwade timely appealed from the trial court's order denying her motion to strike or tax costs.

**DISCUSSION**

I. *Standards of Review*

We generally review the denial of a motion to strike or tax costs for abuse of discretion. (*Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1013.) The trial court's discretion, however, "is limited by the applicable legal principles." (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1144; see also *People v. Grimes* (2016) 1 Cal.5th 698, 712, fn. 4 [abuse of discretion standard of review "is not designed to insulate legal errors from appellate review"].)

"Interpreting a statute is . . . a matter of law, which we review de novo. [Citation.]" (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) "The goal of statutory interpretation is

5

to 'ascertain the intent of the Legislature so as to effectuate the law's purpose.  [Citation.]'  [Citation.]  If a statute is clear and unambiguous, the obvious meaning must ordinarily be accepted.  [Citation.]" (*Broadcast Music, Inc. v. Structured Asset Sales, LLC* (2022) 75 Cal.App.5th 596, 604–605.)

II.  *Relevant Cost-Shifting Statutes*

Code of Civil Procedure section 1032, subdivision (b)—"the general cost-recovery statute" (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 996)—"provides that civil defendants are 'entitled as a matter of right' to recover their costs '[e]xcept as otherwise expressly provided by statute.'" (*Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 104.)

Section 218.5 provides one such statutory prohibition to a nonemployee-defendant's recovery of costs.  It provides, in relevant part:  "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.  However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith." (§ 218.5, subd. (a).)  Thus, in actions for the nonpayment of wages, section 218.5 "prohibits a prevailing party [alleged] employer from recovering attorney fees [and costs] unless the trial court finds the employee brought the wage claim in bad faith." (*Dane Elec Corp., USA v. Bodokh* (2019) 35 Cal.App.5th 761, 764 (*Dane Elec*).)

6

III. *Analysis*

There is no dispute that respondents were the prevailing parties as to each cause of action asserted against them. (Code Civ. Proc., § 1032, subd. (a)(4) ["'[p]revailing party' includes . . . a defendant as against those plaintiffs who do not recover any relief against that defendant"].) Thus, they are entitled to costs under Code of Civil Procedure section 1032, subdivision (b), unless another statute provides an express exception to this entitlement. Section 218.5 does just that for two of Schwade's causes of action: failure to timely pay wages and failure to pay all wages due. (See § 218.5, subd. (a) ["In any action brought for the nonpayment of wages . . ."]; *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256 [holding that "an 'action brought for nonpayment of wages'" within the meaning of section 218.5 "is an action brought *on account of* nonpayment of wages"].) As the trial court correctly found, respondents were not entitled to recover costs for those two causes of action because (1) they were not the "employee," and (2) Schwade did not bring this action in bad faith. (§ 218.5, subd. (a).)

Although the trial court correctly determined that section 218.5 prohibited respondents from recovering costs incurred defending against Schwade's wage claims, it nevertheless concluded that it had the discretion to award respondents *all* their claimed costs under Code of Civil Procedure section 1032.

In reaching this conclusion, the trial court relied on *Cruz, supra*, 57 Cal.App.5th at page 235, which held: "Where a plaintiff has alleged multiple causes of action and is statutorily entitled to fees with respect to only one or fewer than all of the claims, the trial court can apportion the attorney fees. [Citation.]

7

However, . . . attorney fees need not be apportioned between claims for which statutory fees are available and those for which they are not where the claims involve either common factual issues or legal issues. [Citations.]" (See also *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129–130 ["Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed"].)

In other words, the trial court found all of Schwade's claims intertwined, applied *Cruz*, and then awarded respondents all of their claimed costs.

This was error; the trial court's reliance upon *Cruz* was misplaced because *Cruz* is readily distinguishable. In *Cruz*, the Court of Appeal found no abuse of the trial court's discretion in declining to apportion an award of attorney fees *to an employee-plaintiff* where claims for which fees were recoverable were inextricably intertwined with claims for which there was no statutory basis for fees. (*Cruz*, *supra*, 57 Cal.App.5th at pp. 235–236.) Here, in contrast, the trial court awarded all claimed costs to respondents, who are *not the employee-plaintiff*.

This distinction is critical in light of the public policies at stake. *Dane Elec*, *supra*, 35 Cal.App.5th 761 is instructive. In that case, an employer prevailed on a complaint against an employee to recover on a promissory note and defeated the employee's cross-complaint to recover allegedly unpaid wages. (*Id.* at p. 764.) The trial court granted the employer's "motion to recover attorney fees based on an attorney fees provision in the promissory note. The court found that [the employee] had not brought the wage claim in bad faith and declined to award [the employer] attorney fees incurred solely in connection with the

8

wage claim. But the court awarded [the employer] attorney fees incurred in defending [the employee's] wage claim that were inextricably intertwined with the contract claim." (*Ibid.*)

The Court of Appeal reversed the order granting the employer's motion for attorney fees. (*Dane Elec*, *supra*, 35 Cal.App.5th at p. 764.) It observed that, "[a]lthough section 218.5[, subdivision ](a) is a two-way fee-shifting statute [citation], it has the potential to become a one-way or unilateral fee-shifting provision if . . . the trial court finds a plaintiff did not bring the wage claim in bad faith. Courts have uniformly recognized that such unilateral fee-shifting statutes 'reflect a considered legislative judgment that prevailing defendants should not receive fees.' [Citation.]" (*Dane Elec*, *supra*, at p. 773.)[4]

The *Dane Elec* court then turned to the legislative history of section 218.5, subdivision (a), specifically the addition by Senate Bill No. 462 (2013-2014 Reg. Sess.) of the sentence permitting a prevailing nonemployee to recover attorney fees and costs only upon a finding that the wage claim was brought in bad faith. (*Dane Elec*, *supra*, 35 Cal.App.5th at p. 773.)[5] The court

---

[4] A "two-way" fee and cost-shifting statute awards attorney fees and costs under delineated circumstances to either the plaintiff or the defendant. In contrast, a "one-way" fee and cost-shifting statute restricts the recovery of fees and costs to only one side of a lawsuit.

[5] "Prior to 2014, section 218.5 did not distinguish between prevailing employers and employees. It was a true 'two way' fee shifting statute that awarded fees to the winner, whether employee or employer. [Citation.]" (*USS-Posco Industries v. Case* (2016) 244 Cal.App.4th 197, 216.)

quoted the following "analysis by the Assembly Committee on the Judiciary set[ting] forth the following policy for the legislation: 'This bill would clarify the existing two-way fee[-]shifting provision of section 218.5 by expressly providing that where the prevailing party is a non-employee (e.g., the employer), fees are to be awarded upon a judicial finding that the employee brought the action in bad faith.  The reason for a higher standard of course is that wage laws reflect a fundamental policy of the state, the vindication of which is largely left to employees.  The premise of this bill is that the great expense and unpredictability of exposure to attorney's fees liability is likely to chill the pursuit of potentially valid claims by employees of limited means, contrary to the important policy objectives of the statutory scheme.' [Citation.]"  (*Dane Elec*, *supra*, at p. 773.)  The court emphasized that "[t]he policy expressed by the Assembly Committee on the Judiciary—to encourage employees to effectively enforce the wage laws—is described as both 'fundamental' and 'important.'" (*Id.* at p. 774.)

Concluding "that to permit a prevailing defendant . . . to recover attorney fees incurred in defending a wage claim, which the trial court has determined not to have been brought in bad faith, would frustrate the Legislature's intent by turning a unilateral fee-shifting statute into a reciprocal one[,]" the *Dane Elec* court held "that unless the trial court finds the wage claim was brought in bad faith, section 218.5[, subdivision ](a)[,] prohibits, as a matter of law, an award of attorney fees to a prevailing party for successfully defending a wage claim that overlaps with claims subject to a contractual prevailing party attorney fees provision."  (*Dane Elec*, *supra*, 35 Cal.App.5th at p. 774.)

The *Dane Elec* court found further support in cases concerning the interplay of other fee and cost-shifting statutes. (See *Dane Elec*, *supra*, 35 Cal.App.5th at pp. 774–775; *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1062 (*Roman*) ["Government Code section 12965, subdivision (b)'s exception to the mandatory award of litigation costs under [Code of Civil Procedure] section 1032, subdivision (b), implements a clear legislative goal of encouraging potentially meritorious [Fair Employment and Housing Act (FEHA)] suits"]; *Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1054 (*Turner*) ["When the Legislature enacted the unilateral, 'prevailing plaintiff' fee-shifting provisions in [Civil Code] sections 52 and 54.3, it created an exception to [Civil Code] section 55 by implication, prohibiting a fee award to a prevailing defendant for the same hours devoted to defending claims under [Civil Code] sections 52 and 54.3"].) "A fair reading of *Turner* and *Roman* is that, when necessary to vindicate an express public policy, a specific fee-shifting statute will control over a general statutory provision awarding attorney fees or costs to a prevailing party." (*Dane Elec*, *supra*, at p. 775.)

Following the reasoning of *Dane Elec*, we conclude that section 218.5 controls over the general cost-recovery statute and prohibits, as a matter of law, the cost award here to a nonemployee prevailing party, where the wage and nonwage claims are inextricably intertwined, and the trial court expressly found no evidence that the wage claims had been brought in bad faith. (See *Dane Elec*, *supra*, 35 Cal.App.5th at p. 775 ["section 218.5[, subdivision ](a), a specific fee-shifting statute vindicating an express public policy, controls over general statutes governing contract-based attorney fees"].) To hold

11

otherwise would run counter to the legislative goal of encouraging employees to bring potentially meritorious actions to enforce wage laws. (See *Dane Elec*, *supra*, at pp. 773–774.)

Contrary to respondents' contention, this legislative intent is still advanced in the instant case even though Schwade's claims were ultimately unsuccessful. We disagree with respondents that the interpretation of section 218.5 adopted here will "encourage[] meritless suits by plaintiffs against non-employers." Under the plain language of section 218.5, if a trial court finds that a plaintiff has brought wage claims in bad faith, the plaintiff is liable for the prevailing nonemployee-defendant's attorney fees and costs incurred in defending those claims.

Respondents also argue that section 218.5's exception to the general cost-recovery statute is limited to Schwade's wage-related claims. As a general matter, we do not disagree. (See *Ramos v. Garcia* (2016) 248 Cal.App.4th 778, 786 ["In the application of section 218.5, subdivision (b), the term 'any action' refers to any cause of action"].) But here, because the wage claims are inextricably intertwined with the nonwage claims,[6] ordering Schwade to pay all of respondents' claimed costs necessarily charges her for costs incurred defending wage claims not found to have been brought in bad faith. This is not permitted under section 218.5.

---

[6] Respondents concede that the claims are intertwined. In the briefing below and on appeal, neither party has suggested that costs for defending the wage claims can be divided from those incurred defending the nonwage claims.

12

Because section 218.5 bars respondents' recovery of costs in this action, we need not address whether costs are also barred under section 1194 or any other statute.

**DISPOSITION**

The order is reversed.  Schwade is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT