[No. A087975. First Dist., Div. Four. Mar. 20, 2000.]

ARIANA AKINS et al., Plaintiffs and Respondents, v.
ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO et al.,
Defendants and Appellants.

## COUNSEL

Ryan, Andrada & Lifter, Joseph D. Ryan and Glenn Gould for Defendants and Appellants.

Gough & Cohen, Kerry M. Gough, Barbara M. Cohen; Law Offices of Jocelyn D. Larkin and Jocelyn D. Larkin for Plaintiffs and Respondents.

## OPINION

**REARDON, J.**—The trial court awarded respondents Ariana Akins and her daughter $85,490 in attorney fees to be paid by appellants Enterprise Rent-A-Car Company of San Francisco and Matthew Lehr. Enterprise and Lehr appeal, contending that the trial court erred by not requiring Akins to present a fee claim limited to attorney fees incurred on the successful Rosenthal Fair Debt Collection Practices Act (FDCPA or the Act) cause of action. (See Civ. Code,[1] §§ 1788-1788.32.) In her brief, Akins also seeks an award of attorney fees on appeal. We affirm the attorney fees order and grant the request for fees on appeal.

## I. FACTS

On June 3, 1996, respondent Ariana Akins—a low-income single mother—put $397 in cash and some personal property in a vehicle that a third party had rented from appellant Enterprise Rent-a-Car Company of San Francisco. Akins saw Enterprise employee and appellant Matthew Lehr attempting to repossess the vehicle and asked him for her possessions. He refused; Akins attempted to retrieve her belongings. Lehr drove off with Akins hanging from the car, injuring her. Akins's daughter witnessed these events. Lehr knew that Akins was not the renter of the vehicle, but suspected that she had used it. Over the course of the next two days, Lehr withheld Akins's property in an effort to obtain rental payments due on the vehicle.

In July 1996, Akins—individually and as guardian ad litem on behalf of her minor daughter, respondent Alani Akins Smith[2]—brought an action against Enterprise and Lehr.[3] The original complaint alleged causes of action for negligent operation of a motor vehicle, general negligence, battery, conversion, forcible repossession in violation of the FDCPA, and intentional infliction of emotional distress.[4] (See §§ 1788-1788.32.) The matter went to arbitration in October 1997 on the tort claims only—not the statutory claim—and Akins was awarded more than $25,000. Enterprise rejected the award and sought trial on the complaint.

In January 1998, Enterprise sought answers to interrogatories, including a general statement of the facts supporting Akins's statutory claim. In April 1998, Akins's answers to interrogatories suggested—apparently, for the first

---

[1]All statutory references are to the Civil Code unless otherwise indicated.

[2]For convenience, this opinion refers to both respondents in this matter—Ariana Akins on her own behalf and as guardian ad litem for minor Alani Akins Smith—as Akins.

[3]Hereafter, unless otherwise specified the opinion refers to both appellants as Enterprise.

[4]At some point before the matter went to the jury, Akins abandoned her intentional infliction of emotional distress claim.

time—that she might seek to recover on the basis of the FDCPA for the wrongful conversion of her property as well as for the physical injuries suffered during the repossession of the vehicle. Trial began in October 1998. During trial, Akins was granted leave to amend her complaint to allege Enterprise's failure to surrender her property and its demand for payment of the rental bill as facts supporting her statutory claim, as well as her tort claims. Eventually, Enterprise obtained a partial nonsuit on Akins's statutory claim pertaining to the repossession and Lehr's use of physical force. Akins's physical injury claims resulting from the repossession were still before the jury as part of the tort claims, but not as part of the statutory claim. Akins prevailed on the motion for nonsuit on that part of the statutory claim based on Enterprise's failure to return Akins's property and its demand that she pay her acquaintance's rental bill. In October 1998, a jury found for Akins, found that Lehr was guilty of malice, fraud or oppression—a predicate finding for a punitive damages award—and held Enterprise liable for $69,470 in damages. The verdict did not allocate the damages awarded between the statutory and tort claims.

The trial court concluded that Akins was entitled to recover costs and attorney fees from Enterprise, but did not set an amount of costs and fees to be awarded. In December 1998, Akins[5] moved for an award of reasonable attorney fees, which she calculated at more than $144,000, using a 1.25 multiplier to compensate counsel for the novelty of the issues presented on the statutory claim.[6] She calculated this sought-after fee by determining a lodestar of more than $115,000 in attorney fees expended on the statutory claim. Akins included in her claim all hours worked on the case except those devoted exclusively on proof of physical injuries and the arbitration, which did not go forward, on the statutory claims. For example, she separated out the fees spent on the physical injury claims and did not include in her request more than $17,000 in attorney fees on the tort aspect of the case. Akins also sought an award of attorney fees for the cost of preparing the fees motion— this request ultimately totaled more than $23,000. (See § 1788.30; Code Civ. Proc., § 1033.5.) Enterprise opposed the motion, arguing that the trial costs claim should be denied entirely or, in the alternative, that the calculations Akins made were not correct or appropriate to this case. It also opposed the request for an attorney fee award for preparation of the attorney fees motion.

After an initial February 1999 hearing on this motion, the trial court indicated its intent to award attorney fees to Akins, but not in the amount sought in her original motion. In March 1999, Akins offered a supplemental

[5]Akins sought attorney fees only for her statutory claim, because her daughter was not a plaintiff on that claim.
[6]There is no case law applying or interpreting section 1788.30.

brief on her motion adjusting her request to account for the trial court's expressed concerns. In it, she sought a reduced award of $85,490—$75,690 for the trial work and $9,800 for the fee motion. This new request eliminated the multiplier to be applied against the lodestar, reduced the lodestar figure by deleting approximately one-third of the hours for which payment was originally sought, and reduced the requested fees for the attorney fees motion itself by more than half. Enterprise opposed the reduced request for attorney fees, seeking a breakdown of fees attributable to the successful and unsuccessful FDCPA claims. In June 1999, the trial court ordered Enterprise to pay Akins $85,490 in attorney fees—the amount Akins sought in her supplemental brief on the attorney fees motion.

## II. ATTORNEY FEES

### A. *At Trial*

On appeal, Enterprise raises only one issue, arguing that the trial court erred by not requiring Akins to present a fee claim limited to attorney fees incurred on the successful aspect of her FDCPA cause of action. (See §§ 1788-1788.32.) It contends that by law, Akins is only entitled to reasonable attorney fees relating to the portion of its statutory claim arising out of the failure to return her property, not the repossession portion of the statutory claim on which it obtained a nonsuit. It reasons that the bulk of Akins's attorney time was spent on claims for which attorney fees are not properly awarded by statute—either the tort claims or the portion of the statutory claim on which Enterprise prevailed in its motion for nonsuit. It contends that the trial court abused its discretion by failing to require Akins to apportion the hours spent on her successful and unsuccessful statutory claims, because she was only entitled to the statutory fees on the successful part of the FDCPA claim.

If a debtor[7] is the prevailing party in litigation alleging a cause of action under the Act, he or she is entitled to an award of costs and reasonable attorney fees. By statute, those reasonable attorney fees must be based "on time necessarily expended to enforce the liability . . . ." (§ 1788.30, subd. (c).) Enterprise interprets this quoted language as requiring Akins to provide the trial court with an apportionment of hours spent on each cause of action. The determination of the statutory basis for an attorney fees award presents a legal issue for us to determine anew on appeal, regardless of the

---

[7] The Act's definition of "debtor" includes a person from whom a debt collector seeks to collect a consumer debt allegedly due and owing from that person. (§ 1788.2, subd. (h).)

trial court ruling. (See *Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595], disapproved on another ground in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614, fn. 8 [71 Cal.Rptr.2d 830, 951 P.2d 399].)  ▉  There are no cases interpreting this provision of the FDCPA. However, the case law on other statutory bases of attorney fees awards that contain some limiting language—albeit different limiting language—is instructive to us on this question.

▉  When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action. However, the joinder of causes of action should not dilute the right to attorney fees. Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. All expenses incurred on the common issues qualify for an award. (See *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129-130 [158 Cal.Rptr. 1, 599 P.2d 83] [contractual right to fee case].) When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required. (See *Liton Gen. Engineering Contractor, Inc. v. United Pacific Insurance* (1993) 16 Cal.App.4th 577, 588 [20 Cal.Rptr.2d 200] [no allocation of two parties' liability required].)

▉  Enterprise argues that these cases only apply if the causes of action for which attorney fees are properly awarded and those for which fees may not be granted share a common *factual* issue. We think that this construes the case law too narrowly. If there is a common *legal* issue—in this case, the application and interpretation of a statute on which there was no case law to guide counsel—that links a claim on which an attorney fees motion may properly be based with a claim for which no attorney fees may be recovered, that appears to us to be sufficient to link the legal work to the compensable attorney fees claim. Both FDCPA claims—that based on facts surrounding the actual repossession and that based on the later wrongful withholding of Akins's property—have the novel statute as their basis. The research into the earlier-promulgated repossession claim no doubt informed Akins's counsel on the elements necessary to establish the later-asserted and ultimately more successful wrongful withholding claim. To paraphrase the wisdom expressed by another appellate court, litigation may involve a series of attacks on an opponent's case. The final ground of resolution may become clear only after a series of unsuccessful attacks. Compensation is ordinarily warranted even for those unsuccessful attacks, to the extent that those attacks led to a successful claim. (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287,

1303 [255 Cal.Rptr. 704].) Such is the situation presented in our case. We are satisfied that the trial court was not required by the cited statutory language to require a more formal apportionment of hours than that already provided by Akins in her original and amended motions for attorney fees.

Having concluded that the trial court acted properly as a matter of law when it did not require Akins to formally apportion its hours between claims for which attorney fees were compensable by statute and other hours, we find more generally that the trial court acted properly when making the attorney fees award that it did. ■ The amount of an attorney fee to be awarded is a matter within the sound discretion of the trial court. (*Contractors Labor Pool, Inc. v. Westway Contractors, Inc.* (1997) 53 Cal.App.4th 152, 169 [61 Cal.Rptr.2d 715].) The trial court is the best judge of the value of professional services rendered in its court, and while its judgment is subject to our review, we will not disturb that determination unless we are convinced that it is clearly wrong. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1153 [67 Cal.Rptr.2d 543].) The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination. (*Reveles v. Toyota by the Bay, supra,* at p. 1153.) ■ In this case, the trial judge who presided over the determination of the various theories of recovery ruled on the motion for attorney fees. The award granted was significantly reduced from the original request as a result of the trial court's indication that it did not look favorably on the full request. Thus, it clearly appears that the trial court exercised its discretion. In these circumstances, we cannot conclude that the award of attorney fees shocks the conscience or suggests that passion and prejudice had a part in it. As such, we conclude that the trial court did not abuse its discretion in awarding the attorney fees that it did.

B. *On Appeal*

■ For her part, Akins seeks an award of attorney fees on appeal. Enterprise filed no opposition to this request, nor did it challenge the attorney fees awarded on the cost of preparing the attorney fee motion in the trial court. Statutory authorization for the recovery of attorney fees incurred at trial necessarily includes attorney fees incurred on appeal unless the statute specifically provides otherwise. (*Reveles v. Toyota by the Bay, supra,* 57 Cal.App.4th at p. 1154.) Thus, we grant the motion for attorney fees on appeal. Although we have the power to appraise and fix attorney fees on appeal, we deem it the better practice to remand the cause to the trial court to determine the appropriate amount of such fees. (*Milman v. Shukhat* (1994) 22 Cal.App.4th 538, 546 [27 Cal.Rptr.2d 526].)

The attorney fees order is affirmed. The motion for attorney fees on appeal is granted and the matter remanded to the trial court to set a reasonable attorney fee.

Hanlon, P. J., and Poché, J., concurred.