GLOBAL VIDEOS, INC., d/b/a Trans Global Films, an Indiana Corporation, Plaintiff—Appellant,

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Leisure Time Entertainment, Inc., an Indiana Corporation, a/k/a Seal 1, Plaintiff-counter-defendant—Appellant,

v.

Sidney NIEKERK, a/k/a Seal B; Lloyd Robinson, a/k/a Frank W. Jose, MD, Defendants—Appellees,

Cal Vista International, Ltd., Defendant-counter-claimant-cross-claimant—Appellee,

and

Mark Carriere, an individual, Counter-defendant.

No. 04–56690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2006.

Decided June 22, 2006.

Herald Price Fahringer, Esq., Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, New York, NY, John Jahrmarkt, Esq., Kramer & Kaslow, P.C., Los Angeles, CA, for Plaintiff–Appellant/Plaintiff–counter–defendant—Appellant/Counter–defendant.

Michael E. Plotkin, Esq., Monasch & Plotkin, Los Angeles, CA, Charles M. Coate, Esq., Law Offices of Charles M. Coate, Santa Monica, CA, for Defendants–

Appellees/Defendant–counter–claimant–cross–claimant—Appellee.

Before: REINHARDT, TROTT, and WARDLAW, Circuit Judges.

MEMORANDUM *

Leisure Time Entertainment, Inc. ("Leisure Time") appeals the district court's award of damages for lost profits, attorney's fees, and prejudgment interest to Cal Vista International, Ltd. ("Cal Vista"). We affirm.

■ The district court did not clearly err in finding that Leisure Time's illegal distribution of compilations proximately caused Cal Vista to lose profits. There is testimony in the record that Cal Vista's licensing of the Leisure Time features decreased after the compilations were distributed, that Cal Vista received complaints from its licensees that Leisure Time's compilations were inhibiting their sales, and that Cal Vista lost several customers following Leisure Time's distribution of the compilations. While the question of causation was a close call, "[t]he district court's determination here is plausible in light of the record before the district court . . . and will not be disturbed on appeal." *Husain v. Olympic Airways*, 316 F.3d 829, 839 (9th Cir.2002), *aff'd*, 540 U.S. 644, 124 S.Ct. 1221, 157 L.Ed.2d 1146 (2004).

■ Substantial evidence supports the district court's method of computing Cal Vista's lost profits. *See Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2001). The district court's comparison of the revenue garnered by similar adult films, in order to determine how much money Cal Vista's films would have produced absent the compilations, was a "reasonable basis of computation." *Acree v. Gen. Motors Acceptance Corp.*, 92 Cal. App.4th 385, 398, 112 Cal.Rptr.2d 99 (Cal. Ct.App.2001). An award for lost profits is inherently an estimate, *Humetrix, Inc.*, 268 F.3d at 919, and the use of other films to approximate Cal Vista's lost profits was an acceptable means by which to measure Cal Vista's damages.

The district court's finding that the Kravis films were economically comparable to Cal Vista's films was not clearly erroneous. David Kravis, Cal Vista's expert witness, testified that while the Kravis films had higher production costs, Cal Vista's films featured more prominent stars. He testified also that the two libraries of films were comparable in terms of their scene structure and formula. The evidence is more than sufficient to support the district court's finding of economic comparability.

The district court did not abuse its discretion in awarding attorney's fees to Cal Vista pursuant to California Civil Code section 1717(a). The court discounted work that was not sufficiently related to Cal Vista's successful claim and explained why Cal Vista's attorneys' rates were reasonable. The fact that Cal Vista was unsuccessful in Leisure Time's prior appeals does not render abusive the district court's exercise of discretion. Nothing in the district court's award of fees "shocks the conscience" or "suggests that passion and prejudice influenced the determination." *Akins v. Enter. Rent–A–Car Co. of San Francisco*, 79 Cal.App.4th 1127, 1134, 94 Cal.Rptr.2d 448 (Cal.Ct.App.2000).

The district court did not abuse its discretion in awarding Cal Vista prejudgment interest, pursuant to California Civil Code section 3287(b), to run from the date on which we affirmed the determination that Leisure Time breached its contracts with Cal Vista. Leisure Time initially filed this lawsuit in 1994, the case has gone through four appeals, and Leisure Time's breaches of contract were willful. Therefore, the award of prejudgment interest was an appropriate exercise of discretion. *See A & M Produce Co. v. FMC Corp.*, 135 Cal. App.3d 473, 496, 186 Cal.Rptr. 114 (Cal.Ct. App.1982) (award of prejudgment interest upheld, in part because the case had gone on for over seven years and had required three trials).

**AFFIRMED.**