Filed 4/5/16  Sadr v. Sabet CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SAEED SADR et al., | |
|    Cross-complainants, Cross-defendants and Appellants, | G050493 |
|       v. | (Super. Ct. No. 30-2012-00615688) |
| AZITA SABET, | O P I N I O N |
|    Cross-complainant, Cross-defendant, and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert D. Monarch, Retired Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Law Offices of Mark B. Plummer and Mark B. Plummer for Cross-complainants, Cross-defendants and Appellants.

Pivo, Halbreich, Martin & Wilson, Scott A. Martin and Peter A. Martin for Cross-complainant, Cross-defendant and Respondent.

\*  \*  \*

Cross-complainants, cross-defendants, and appellants Saeed Sadr and Zohreh Jadali appeal from a postjudgment order denying their post-trial motion for attorney fees under Civil Code section 1717 (section 1717). They contend the court erred when it found they were not entitled to fees even though they prevailed on the contract causes of action. Cross-complainant, cross-defendant, and respondent Azita Sabet argues the court correctly denied an award of attorney fees when it found neither side had prevailed in an action where there were both contract and noncontract claims.

We conclude that in making its determination, the court should have confined its analysis to the breach of contract causes of action on which Jadali and Sadr were the prevailing parties. Its failure to do so was error. Thus we reverse and remand for the court to determine the amount of attorney fees to be awarded to Jadali and Sadr.

## FACTS AND PROCEDURAL HISTORY

Sabet, an attorney, represented Jadali and Sadr in various matters. There was a retainer agreement for each matter which stated: "The prevailing party in any action to enforce any provision of the agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding."

One matter was an action filed by Jadali against Roya Nematollahi and Roya Nematollahi, D.D.S, Inc. (collectively Nematollahi). After the case was settled, Nematollahi was given conflicting instructions from Sabet on the one hand and Jadali on the other as to whom settlement checks should be sent, and Nematollahi filed an interpleader action against both of them.

Sabet cross-complained against Jadali and Sadr for breach of contract, fraud, and on common counts to recover fees and costs they allegedly owed her on various matters. As to the breach of contract causes of action, four were against Jadali and one against Sadr. She brought fraud causes of action against Jadali only, separate unjust enrichment claims against Jadali and Sadr, and a quantum meruit and "common counts" causes of action against both.

2

Jadali and Sadr cross-complained against Sabet for constructive fraud, conversion, intentional interference with prospective economic advantage, and malpractice. They alleged improprieties in billing Jadali and Sadr, including inaccuracies, failure to timely send bills, failure to credit payments, and overbilling. They also alleged Sabet "threatened to sabotage" Jadali's case against Nematollahi, and fraudulently claimed she had a lien on the settlement proceeds from that case. They further alleged Sabet misrepresented the extent of her experience handling similar cases. In addition, Jadali alleged she suffered economic losses in her business because she was not immediately paid the settlement proceeds.

The interpleader claim was settled and the case went to trial on the cross-complaints. In the statement of decision issued sua sponte the court found Sabet had not complied with Business and Professions Code section 6148, subdivision (b), which sets out the requirements for a noncontingency fee retainer agreement. It also found Jadali and Sadr had voided the retainer agreements, pursuant to Business and Professions Code section 6148, subdivision (c), thereby triggering Sabet's right to recover the reasonable value of the services she provided as well as the costs she had advanced.

The court ruled in favor of Sabet against Jadali on Sabet's cause of action for quantum meruit, denied relief on Sabet's three other common count claims, only to "avoid duplication of the relief to which [she] is entitled," and found Sabet had not proven her causes of action for breach of contract, fraud, and unjust enrichment. The award in favor of Sabet and against Jadali was just under $56,000.

The court also found Sabet was entitled to prevail on her quantum meruit cause of action against Sadr, but Sadr had already paid for Sabet's services in full. Therefore it rendered judgment in favor of Sadr on Sabet's cross-complaint.

Finally, the court awarded judgment in favor of Sabet on Jadali and Sadr's cross-complaint.

3

Subsequently, Jadali and Sadr filed a motion for attorney fees and costs based on section 1717 and Sabet's unsuccessful breach of contract claims seeking to enforce the retainer agreements.

The court denied the motion, ruling that none of the parties were entitled to attorney fees because none of them prevailed. In reaching this conclusion, it relied on *Hsu v. Abbara* (1995) 9 Cal.4th 863, which sets out the factors to consider when deciding the issue of who is the prevailing party under section 1717. The court explained *Hsu* required it to "compare the relief awarded (or denied) on the contract claim with the parties' demands on those same claims and their litigation objectives . . . ." The court determined none of the parties obtained a "simple unqualified win" and there was "bad news" for all of them. The only relief was Sabet's judgment against Jadali for the reasonable value of her services instead of recovering fees under the retainer agreements. Jadali and Sadr recovered nothing on their cross-complaint.

## DISCUSSION

*1. Jadali's and Sadr's Right to Recover Attorney Fees*

Under section 1717 when a contract specifically provides for attorney fees to the prevailing party, the prevailing party is defined as "the party who recovered a greater relief in the action on the contract." (§ 1717, subds. (a), (b).) "[W]hen a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." (*Hsu v. Abarra, supra*, 9 Cal.4th at p. 876.) "The trial court has no discretion to deny attorney fees to the defendant in this situation by finding that there was no party prevailing on the contract." (*Id.* at p. 877.)

Furthermore, in determining a prevailing party the trial court may not consider a party's success on a noncontract cause of action, e.g., a quantum meruit claim. (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 358.) A quantum

4

meruit cause of action is an equitable claim, not an action to enforce a contract. (*Chodos v. Borman* (2014) 227 Cal.App.4th 76, 100.)

Jadali and Sadr prevailed on Sabet's contract causes of action against them. The fact Sabet recovered the reasonable value of her services in quantum meruit does not figure into the section 1717 prevailing party analysis. Thus, Jadali and Sadr are entitled to recover reasonable attorney fees for their defense of the contract cause of actions.

Because Jadali and Sadr may recover attorney fees only on the contract causes of action, the court should apportion those from fees expended for the noncontract claims, unless, in its discretion, it determines the issues were so interrelated they cannot be separated or the issues were common to the contract and noncontract causes of action. (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)

*2. Amount of Attorney Fees*

Jadali and Sadr ask that we determine the amount of the award of attorney fees. We decline to do so. The trial court is a fact finder and in the best position to determine the amount of attorney fees due to them in the first instance. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [""""experienced trial judge is the best judge of the value of professional services rendered in his court""""].) The trial court considers a variety of factors "'including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'" (*Id*. at p. 1096.)

*3. Jadali's Unclean Hands Defense*

Jadali also contends Sabet is not entitled to any recovery, even based on quantum meruit. Jadali relies on her unclean hands defense to Sabet's cross-complaint, asserting Sabet forged two of the retainer agreements. Jadali argues the court erred in "ignor[ing]" this defense. Had it not done so, she contends, Sabet would not have recovered anything. Jadali misunderstands. The court ruled Jadali had voided all of the retainer agreements. Thus it had no reason to rule on whether any were forged.

5

Jadali does not direct us to anything in the record where any party requested a statement of decision or asked the court to rule on the unclean hands claim. Nor is there anything to show she objected to the statement of decision when it was issued as required by Code of Civil Procedure, section 634 (alleged defects, omissions, or ambiguities in a statement of decision must be raised in the trial court).

Further, "[I]f an ambiguity is not brought to the trial court's attention as provided under the statute, the reviewing court will resolve the ambiguity by inferring that the trial court decided in favor of the prevailing party on that issue. (Code Civ. Proc., § 634.)" (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 896.) On that basis we must conclude the trial court did not find Sabet had unclean hands.

In any event, during closing argument, the court stated: "Ms. Sabet may[]be naïve in many respects with respect to this type of litigation but I think her hands are clean." Consequently, the award based on quantum meruit must stand.

## DISPOSITION

The order is reversed. The matter is remanded with directions that the trial court grant the motion and conduct further proceedings to determine the reasonable amount of attorney fees to be awarded in connection with Jadali and Sadr defending against the contract causes of action. If appropriate, the court shall apportion attorney fees between those incurred in defending against Sabet's contract cause of action on the one hand and those incurred in defending against Sabet's noncontract causes of action

6

plus those incurred in pursuing their own cross-complaint on the other.  Jadali and Sadr are entitled to costs on appeal.


                                    THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

7