Filed 6/5/25  Steiger v. Alameda Health System CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| SHONETTE STEIGER,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>        Defendant and Appellant. | A169457<br><br>(Alameda County<br>Super. Ct. No. RG19038883) |

Alameda Health System (AHS) appeals from an award of attorney fees to its former employee, Shonette Steiger, who prevailed at trial on claims she brought under the California Fair Employment and Housing Act (Gov. Code,[1] § 12900 et seq. (FEHA)).  After a jury trial resulted in a judgment in her favor, Steiger sought an award of $1,901,997.25 in attorney fees, which included a multiplier of 1.5.  After a hearing, the trial court issued a detailed and closely reasoned eight-page single-spaced order awarding fees of $997,106.44.  The trial court's nearly 50 percent reduction from the fees sought by Steiger's counsel reflected reductions in hourly rates, reductions in hours worked, and a reduced multiplier of 1.2.  On appeal, AHS argues that the trial court abused its discretion by not further reducing the hourly rates,

_____

[1] Subsequent statutory references are to the Government Code unless otherwise stated.

1

by awarding a multiplier, and by awarding fees for work on the fee request that was documented in Steiger's reply papers. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Underlying Litigation*

After AHS terminated Steiger's employment as a nurse in 2018, she filed suit alleging four causes of action under FEHA: disability discrimination based on disparate treatment in violation of section 12940, subdivision (a); failure to engage in the interactive process in violation of section 12940, subdivision (n); failure to provide reasonable accommodation in violation of section 12940, subdivision (m); and retaliation in violation of section 12940, subdivision (h). The case was heard by a jury in a trial conducted over a three-week period at which 10 witnesses testified and 91 exhibits were admitted into evidence. The jury found for Steiger on two of her causes of action, found against her on the other two, and awarded her $355,428.19 in past economic losses and $110,000 in future economic losses, and no non-economic damages. (See *Steiger v. Alameda Health System* (June 5, 2025, A168216, A168382) [nonpub. opn.] [affirming the judgment].)

B. *Steiger's Motion for Attorney Fees*

On July 5, 2023, Steiger filed a motion for an award of attorney fees under section 12965.[2] She requested a lodestar of $1,216,776.50 for work performed through June 27, 2023, and a multiplier of 1.5, for a total of $1,825,164.75. She argued that she was also entitled to recover the fees incurred in filing the fee motion, and stated that with her reply papers she would provide a complete accounting of the time spent researching, preparing, and arguing the fee motion.

[2] Steiger sought, and was awarded, costs as well as fees. Costs are not at issue in this appeal, so we do not discuss them.

Steiger's motion was supported by several declarations, including one from Steiger who stated that she had tried unsuccessfully to resolve her dispute with AHS without legal counsel. She consulted with about a dozen other attorneys before the firm of Siegel, LeWitter Malkani agreed to represent her on a contingency basis, advancing all costs.

Steiger also filed declarations from her attorneys containing information about their qualifications, experience, and past fee awards, along with detailed records of the work they performed in this matter. She also filed declarations from Bryan Schwartz and Phil Horowitz, two Bay Area attorneys who represent plaintiffs in employment cases. Schwartz opined that the hourly rates sought by Steiger's counsel were "reasonable and appropriate and well within market range for lawyers with similar qualifications handling comparable litigation"; Horowitz opined that the hourly rates were in line with, or lower than, fees charged by trial attorneys in employment cases with similar levels of skill and experience.

C.    *AHS's Opposition*

In opposing Steiger's fee motion, AHS argued that the fee request was so excessive as to justify denying fees altogether and that if fees were awarded at all, they should be awarded as a percentage of Steiger's damages because "[u]tilizing the lodestar approach in this matter is completely speculative." (AHS has not pursued these arguments on appeal.) AHS argued that if the court used the lodestar approach, Steiger's requested hourly rates should be reduced because they were "unreasonable and higher than the hourly rates of other attorneys in the area." AHS further argued that the requested hours were not reasonable and should be denied in their entirety or significantly reduced, and that no multiplier was warranted.

In support of its opposition, AHS filed a declaration and report from its retained expert Laura S. Johnson, an attorney licensed in the state of New York, who is the legal operations manager of Sterling & Sterling, LLC, a firm that reviews and audits legal bills. Johnson opined that no multiplier was warranted and that the requested lodestar should be reduced by approximately $800,000 to reflect her recommended reductions to the requested hourly rates and the hours worked. AHS also filed a declaration from an associate attorney at the firm that represented AHS in the trial court, who recommended additional reductions amounting to about $150,000.

In addition, AHS filed objections to the Schwartz and Horowitz declarations, arguing that the declarations should be stricken entirely or in part.

D.    *Steiger's Reply*

In her reply papers, filed on August 25, 2023, Steiger requested a lodestar of $76,832.50 for work performed from June 28 to August 24. The request was supported by a declaration from one of Steiger's attorneys, Latika Malkani, and detailed time records supporting the additional fees. Steiger also submitted objections to the Johnson declaration and the declaration from the AHS associate.

E.    *Hearing and Order*

The trial court's tentative ruling was contested by both parties. After a hearing at which both parties argued extensively, the court took the matter under submission. The court subsequently issued a detailed written order liberally citing the applicable law, discussing the evidence and arguments presented by the parties, and explaining its reasons for granting the motion in part and denying it in part.

4

The court disallowed the time for one of Steiger's attorneys and reduced the hourly rates that Steiger had requested for three other attorneys and a paralegal, which reduced Steiger's lodestar from $1,216,776.50 to $1,015,941. The court further reduced the lodestar to $789,263.70 to account for hours it determined were not reasonably expended. The court then applied a multiplier of 1.2 to the adjusted lodestar, yielding $947,116.44. The court awarded $49,990 of the $76,832.50 Steiger had requested in her reply papers for fees incurred after the filing of the motion, with no multiplier, resulting in a fee award of $997,106.44, about 52 percent of the total amount Steiger had requested. This appeal timely followed.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

FEHA provides that "the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs." (§ 12965, subd. (c)(6).) To determine a fee award, the trial court first determines the "lodestar" amount, calculated as the number of hours reasonably worked times a reasonable hourly fee. (*Greene v. Dillingham Construction, N.A., Inc.* (2002) 101 Cal.App.4th 418, 422 (*Greene*).) The court has the discretion to increase or reduce the lodestar "by applying a positive or negative ' "multiplier" ' based on a variety of factors." (*Ibid.*)

In a case like this one, where " 'the sole issue before us . . . is the amount of fees awarded, our review is deferential. " 'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"— meaning that it abused its discretion.' " (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095, quoting *Serrano v. Priest* (1977) 20 Cal.3d 25, 49, and

5

citing *Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 228 [an appellate court will interfere with a determination of reasonable attorney fees "only where there has been a manifest abuse of discretion"].)' Indeed, our colleagues in Division Four have observed that the 'only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the termination.' (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134.)" (*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 620.) Thus the law that governs here requires AHS to demonstrate an abuse of discretion. (*Ibid.*)

As we have stated, courts describe rulings that constitute an abuse of discretion as " 'exceed[ing] the bounds of reason' " or as "arbitrary, capricious, patently absurd, or even whimsical." (*Artus v. Gramercy Towers Condominium Assn.* (2022) 76 Cal.App.5th 1043, 1051.) "[O]ur Supreme Court said that 'A ruling that constitutes an abuse of discretion has been described as one that is "so irrational or arbitrary that no reasonable person could agree with it." ' " (*Ibid.*, quoting *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

B.     *Challenge to Hourly Rates*

1.     *Additional Background*

Steiger requested hourly rates as follows: $975 for attorney Siegel (a partner with over 40 years of experience in labor and employment matters), $850 for attorney Malkani (a partner with more than 26 years of experience as an employment litigator), $675 for attorney Weber (an associate with almost 20 years of experience litigating employment cases), and $250 for paralegal Ledezma. Attorney Malkani declared that these represent the firm's 2023 customary hourly rates for employment litigation, which apply to

6

the firm's individual clients who are charged on an hourly basis. Malkani declared that the firm was "regularly . . . successful in fee petitions and negotiated fee agreements seeking our then-existing regular hourly rates." As evidence that the rates were "well within the range of rates charged by and awarded to comparable attorneys for comparable work," Steiger referred to the Schwartz and Horowitz declarations and provided evidence that the rates sought were consistent with or less than rates listed on the so-called "Laffey Matrix," which has served as the basis for attorney fee awards upheld by California courts. (See *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702 [affirming fee award based on adjusted Laffey Matrix] (*Syers*).)

AHS argued that the requested rates should be reduced to those recommended by its expert, Johnson: $600 for partners (i.e., Siegel and Malkani), $400 for associates (i.e., Weber), and $150 for paralegal services (i.e., Ledezma). Johnson opined that the rates sought by Steiger were "unreasonable in comparison to the rates billed by other attorneys performing similar labor and employment work in similar-sized firms in the San Francisco area." Johnson reported that her recommended rates were "based on data from the Wolters Kluwer Real Rate Report for Employment and Labor within the San Francisco area."

The trial court found that Steiger's attorneys and paralegal Ledezma were well-qualified and experienced; that they achieved a good result for Steiger; and that they "deserve a reasonable hourly rate." The court also found that the hourly rates Steiger sought were unreasonably high. The trial court reduced the requested hourly rates to $750 for Siegel and Malkani, $550 for Weber, and $150 for Ledezma, explaining that it based the

7

reductions on its "familiarity with prevailing rates for legal work in the San Francisco Bay Area market."

The court wrote that it had considered the evidentiary submissions submitted by both parties, but found them unhelpful. The court overruled AHS's objections to the Schwartz and Horowitz declarations, but noted that opinions expressed in the declarations were based on Schwartz's and Horowitz's subjective impressions of Steiger's attorneys rather than review of the attorney's time entries or work product, or the trial transcript. The court also overruled Steiger's objections to the Johnson declaration. The court found that Johnson was "clearly qualified to give expert opinions on attorney's fees," concluding that AHS's failure to "secure the services of a California-based expert familiar with the local market" went to the weight, rather than the admissibility, of Johnson's opinion. The court also noted that Johnson had presented data drawn from the Wolters Kluwer 2022 Real Rate Report "without any context," and that she had not attached the report to her affidavit, which she should have done.

2. *Analysis*

AHS contends that because Steiger presented "no reliable authority or evidence" to support the hourly rates she requested, the trial court abused its discretion by awarding higher rates than AHS's expert, Johnson, determined were reasonable. This argument is meritless.

Contrary to AHS's assertion, Steiger supported her requested rates with "reliable evidence," including the declaration of her attorney Malkani, who testified how the firm's rates were set and that the firm had recovered its then-existing hourly rates in other cases. Steiger also provided evidence from other Bay Area employment counsel regarding prevailing and recoverable rates, as well as evidence comparing the rates sought with those

8

on the Laffey Matrix. All this evidence was considered by the trial court.[3] The fact that the trial court found Steiger's evidentiary submissions unhelpful does not mean they were not reliable. We note that the trial court found AHS's evidentiary submissions unhelpful, too.

Further, AHS cites no authority to support its claim that the trial court abused its discretion by "insert[ing] itself as a fact witness" and awarding higher rates than AHS's expert Johnson determined were reasonable.[4] It is well-established that the trial court determines the reasonable hourly rate " 'based on the rates prevalent in the community where the court is located,' " and that the trial court judge "is in the best position to value the services rendered by the attorneys in his or her courtroom." (*Syers, supra*, 226 Cal.App.4th at p. 700, 702.) AHS cites no authority to suggest that the trial court abused its discretion in determining based on its "familiarity with

[3] Buried in AHS's argument concerning hourly rates is the statement that the trial court overruled its objections to the Schwartz and Horowitz declarations "in clear error." This issue has been forfeited by AHS's failure to identify it in a heading or subheading of its brief and develop the argument. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [briefs must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"]; *Tsakopoulos Investments, LLC v. County of Sacramento* (2023) 95 Cal.App.5th 280, 310 [" '[f]ailure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading' "].) In any event, AHS fails to show prejudice from the trial court's overruling its objections, particularly in light of the trial court's statement that it found the declarations unhelpful. (See *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 [appellant must affirmatively show how error constitutes a miscarriage of justice].)

[4] AHS claims that Johnson's opinion on reasonable rates was "unopposed," but this is not accurate. Steiger's counsel objected to Johnson's determination of purportedly reasonable hourly rates that were lower than their own rates.

prevailing rates for legal work in the San Francisco Bay Area market" that the reasonable hourly rate for Steiger's attorneys was neither the rate requested by Steiger nor the rate recommended by AHS's expert.

AHS contends that the trial court abused its discretion by failing to "appropriately consider" Johnson's declaration. That is plainly incorrect; the trial court explained that it considered Johnson's declaration, but found it unhelpful. The trial court did not exclude Johnson's testimony: to the contrary, it overruled Steiger's objections to the Johnson declaration, while noting issues that affected the weight it would give to Johnson's testimony, including her lack of familiarity with the local market, her failure to provide the Wolters Kluwer report on which she relied in determining reasonable rates, and her presentation of data from that report "without any context."[5]

In short, AHS fails to show that the trial court abused its discretion in determining reasonable hourly rates for Steiger's counsel.

C. *Challenge to Multiplier*

The trial court may award a multiplier to account for the fact that because of "the contingent and deferred nature of the fee award in a civil rights" case, including a case brought under FEHA, "the fair market value of legal services provided on that basis is greater than the equivalent noncontingent hourly rate." (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 395 (*Horsford*).) Other factors the court may consider in determining whether to apply a multiplier and the amount of any multiplier include "the quality of the representation, the

---

[5] For this reason, the cases cited by AHS to support its claim are irrelevant: *ABM Industries Overtime Cases* (2017) 19 Cal.App.5th 277, 292-293, and *Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 187, stand for the proposition that a trial court's ruling on the *admissibility* of expert testimony is reviewed for abuse of discretion.

novelty and difficulty of the issues presented, [and] the results obtained."
(*Greene*, *supra*, 101 Cal.App.4th at pp. 426-427.)

Here, plaintiff requested a multiplier of 1.5. The trial court clearly explained how it exercised its discretion to award a multiplier of 1.2 as follows: "On the one hand, Plaintiff's counsel litigated this hotly-contested case for four years on a pure contingent fee basis with no guarantee of success, uncovered evidence of animus and motive in discovery, prevailed at trial on two causes of action, and obtained for Plaintiff an award of economic damages in the sum of $465,000. On the other hand, Plaintiff did not prevail on two other causes of action and received zero noneconomic damages. In light of this result, the Court finds that a reasonable multiplier is 1.2."

In light of the trial court's careful explication of how it chose the multiplier, AHS's arguments that the trial court abused its discretion fall flat. AHS points out that Steiger achieved only "limited results." True—and that is something the trial court considered in reducing the requested multiplier. AHS cites no authority suggesting that the award of a multiplier is an abuse of discretion when a plaintiff achieves only partial success. AHS emphasizes that Steiger did not show that she is entitled to a multiplier for "exceptional representation," but that is a straw argument: the trial court did not award the multiplier on that basis. Finally, AHS contends that the trial court abused its discretion by awarding a multiplier to account for contingent risk because the hourly rate awarded by the court already compensated for that risk. (See *Horsford*, *supra*, 132 Cal.App.4th at p. 395 [contingency adjustment may be made through lodestar calculation or application of multiplier, but not both].) We disregard this unsupported assertion. (*Air Couriers International v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928 [arguments must be supported by

11

appropriate references to the record; we may disregard unsupported factual assertions]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [failure to provide adequate citations to the record forfeits claim of error].)  Moreover, " 'we presume that the trial court considered all appropriate factors in selecting a multiplier and applying it to the lodestar figure.' " (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1249 [affirming fee award where trial court neither specified the multiplier it applied nor the factors it considered in selecting a multiplier].)  There is nothing here that suggests any abuse of discretion by the trial court.

D.     *Challenge to Fees Requested in Reply Papers*

The attorney fees recoverable under a statutory attorney fee provision "ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 639 [addressing fees under Code Civ. Proc., § 1021.5].)  A party seeking to recover fees incurred after an initial fee motion is filed may file a supplemental declaration before the hearing on the fee motion, as Steiger did here, or may file a separate fee motion.  (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 1002.)

Relying on cases holding that new legal issues cannot be raised for the first time in a reply brief because of the unfairness to the other party, AHS contends that the trial court abused its discretion by awarding Steiger's attorneys $49,990 in fees purportedly "first requested on reply" for work that was performed by counsel after the fee motion was filed.  (Capitalization omitted.)  Those cases have no application here:  Steiger's request for fees in her reply papers raised no new legal issue, and there was no unfairness because AHS was informed in Steiger's moving papers that she sought fees for researching, preparing and arguing the fee motion, with further

12

documentation to be provided with her reply papers.  In any event, AHS has forfeited its claim of error by failing to raise the issue in the trial court, which it had the opportunity to do at the hearing on Steiger's fee motion.  (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [as a general matter " 'issues raised for the first time on appeal which were not litigated in the trial court are waived' "].)  Although AHS addressed other issues concerning Steiger's reply papers at the hearing, AHS never argued that any fees should be denied on the ground that they were requested for the first time in the reply papers.  We will not consider that argument now.

## DISPOSITION

The challenged order is affirmed in its entirety.  Respondent shall recover her costs on appeal.

_____

Miller, J.

WE CONCUR:

_____

Richman, Acting P. J.

_____

Desautels, J.

A169457, *Steiger v. Alameda Health System*